BOSTWICK *vs.* DUNCAN, JOHNSTON & COMPANY.

That defendant signed a written agreement without reading it, and it did not contain the contract as in fact made, is no ground for the introduction of parol evidence to vary its terms, etc. It is not the duty of courts to relieve parties from the results of their gross negligence.

Contracts. Pleadings. Negligence. Before Judge HALL. Spalding Superior Court. August Term, 1877.

Reported in the decision.

SPEER & STEWART, for plaintiff in error.

HUNT & JOHNSON, for defendants.

WARNER, Chief Justice.

The plaintiffs sued the defendant in the county court of Spalding county, on the following written contract: "Griffin, May 4, 1875. On the first day of November next after date, I promise to pay to the order of Duncan, Johnston & Co., one hundred and twenty-six dollars, or the full amount of nine hundred and twenty-five pounds of middling cotton, well ginned and packed in bales, delivered at the nearest railroad depot, free of all expense, in payment for one and eight-tenths ton of blood-guano received by me, without warranty of vendor, and with all faults, at purchaser's risk. The inspector appointed by law, whose brand is upon said fertilizer, is hereby constituted and recognized as the agent of the subscriber, who agrees to be bound by his inspection as made. If payment is tendered in cash on or before the fifteenth day of October next after date, said payment will be accepted on a basis of seventy dollars per ton of two thousand pounds. Failing to meet this note or obligation at maturity, I hereby promise and agree to pay interest at the rate of twelve per cent. per annum. I waive all right of exemption or homestead on real or personal property under any law, and agree to pay all costs and attorney's fees if any are incurred in the collecting of this note or obligation. Value received. Signed, C. B. Bostwick. In presence of H. J. Simonton."

On the trial of the case in the county court, a judgment was rendered for the plaintiffs. The defendant entered an appeal to the superior court and filed the following pleas:

"And now comes defendant by his attorneys, Speer & Stewart, and defends the wrongs and injuries when, etc. and for plea, and answer says, that he is not indebted in

manner and form as plaintiff has set forth, and of this he puts himself upon the country.

" And for further plea defendant says, that the contract sued upon was for what purported to be blood-guano which was sold, and represented to be a first-class fertilizer, well suited for the growth of corn and cotton and other crops. And defendant says that said fertilizer was wholly useless, and not suited for the growth of corn and cotton as represented. And wherefore defendant says that the consideration of the bond sued upon has wholly failed, and that he is not due plaintiff anything.

" And for further plea defendant says, that plaintiff ought not to have and maintain said action, for that the same was given for guano, and which guano plaintiffs, through their agent, W. T. Cole, sold and represented as the best guano in the world. And defendant further says that plaintiffs, by W. T. Cole, obtained said note by fraudulent representations, saying the same was an ordinary guano note. That relying upon said agent he did not read the same or have the same read, said agent saying ' sign note—that is all right,' and defendant signed the same, not knowing that plaintiff did not . . . the same, and shortly before signing, said agent saying if the guano was not good, not to pay for the same.

" And for further plea defendant says, that plaintiff ought not to have his said action, because he says the consideration of said note was a blood-guano in said contract of the quality, and thus defendant says the consideration has failed, for said guano was wholly worthless and of no agricultural or commercial value to this defendant. Defendant says at the time he purchased said guano, W. T. Cole, agent of said plaintiffs, represented and warranted said guano to be the best guano ever made, and also said defendant need not pay for the same unless it was a good article, and then and there agreed if defendant would buy said guano that he would take an ordinary guano note for said guano, due in the fall. Defendant avers that, relying upon the representations of said agent, he purchased said guano of said agent of

plaintiffs, and some time thereafter, to-wit: at the date of said note, said agent sent to defendant the note sued on and represented that he desired to close up the contract as to the purchase of said guano, as made with said defendant, relying upon the contract made at the time of said purchase, with said agent, and believing that the said guano note, so presented to be signed, contained only the terms of ordinary guano notes, and in which ordinary notes only the cotton option delivery and the waiver of homestead were contained, said defendant, without reading said note sued on, but relying on the contract and agreement in said note contained as being the same existing in parol, made and signed said note.

"And this defendant says, that he never knew of the conditions in said note sued on as to no warranty of said guano at the time he signed the same, or he would have refused so to have done, but he supposed he was signing only an ordinary guano note, and not such a one as sued on. And defendant avers that by the fraudulent conduct and representation of plaintiffs' agent (as hereinbefore alleged), the whole contract was changed, and in said contract signed, conditions and terms were falsely and fraudulently imposed on defendant, to-wit: as to the clause as to buying said guano 'without warranty of vendor, and with all faults, and at purchaser's risk,' to which he never assented. 'The inspector appointed by law, whose brand is upon said fertilizer, is hereby constituted and recognized as the agent of the subscriber who agrees to be bound by his inspection as made.' Also, the provision in said contract to pay all costs and attorney's fees. And defendant says that for the causes set forth, said contract is not binding on the defendant, and he prays that said contract sued on may be reformed so as to set forth the true contract with said agent and this defendant, and that he may be allowed to plead failure of consideration to said contract."

To these pleas of the defendant the plaintiffs demurred as being insufficient in law, and moved the court to strike the

same, which motion was sustained, and the defendant excepted.

The question presented for our consideration and judgment is, whether the defendant's plea makes out such a case, assuming the allegations contained therein to be true, as will authorize the admission of parol evidence to vary or contradict the terms of the written contract sued on. The defendant alleges in his plea, that he made a different parol contract with Cole, the plaintiffs' agent, in regard to the guano from the one contained in the written contract; that sometime thereafter, at the date of said note, said agent sent to demand the note sued on, and defendant, relying on said contract made with the agent, Cole, at the time of purchasing the guano, signed the note presented to him without reading it, believing it to be only an ordinary guano note, with the cotton option delivery and waiver of homestead, etc. The note sued on and signed by the defendant was not presented to him by Cole, the plaintiffs' agent, with whom the parol contract is alleged to have been made, but was presented to him by another person for his signature (who that person was the plea does not allege); and if the defendant chose to believe that person, whoever he was, as to what the note contained, without reading it, he has no one to blame but himself, if, in fact, that person did make any representations as to the contents of the note at the time he presented it to the defendant for his signature. It is not the duty or business of the courts to relieve parties from their gross negligence in making their contracts. Besides, in these days of hard swearing, when every man is a competent witness to swear for himself in his own case, the rule that parol evidence is not admissible to vary or contradict written contracts, should not be relaxed. There was no error in sustaining the motion to strike the defendant's plea, as set forth in the record.

Let the judgment of the court below be affirmed.