## Cothran, next friend, *vs.* Brower *et al.*

1. Where the attorneys representing the complainant disagreed as to the fees to be paid to associate counsel for complainant from the fund brought into court, and the latter brought a rule to determine that question, to which rule the leading attorney objected, but subsequently withdrew his objection, and agreed to submit the issues between the parties to a jury, which was done, and a verdict was found against him, he was thereby estopped from subsequently urging such objection.

(*a.*) Besides, the ninth ground assigns no specific error in the final order.

2. The movants had a right to stand on their contract as to the amount and character of the services they were thereby bound to render, unless it was shown that it was altered in this particular by a subsequent agreement. Whether this had been done was a question for the jury.

3. The charge excepted to in the fifth ground of the motion for new trial fully and fairly submits the point as to whether the associate counsel performed their duty after the execution of the contract between them and the leading counsel, and if they did not, whether their failure to do so was owing to the conduct of the leading counsel, and whether he ever called upon them for such services, as they alleged he undertook to do.

4. The exception to the charge embodied in the seventh ground of the motion is groundless. The principle contained in the request to charge was covered by the charge given.

5. The court gave in charge the principle claimed to be correct in the eighth ground of the motion, and it was right to refuse to charge in the language used by this court in the case of *Moses vs. Bagley & Sewell*, 55 *Ga.*, 283, the facts and circumstances of which differed from those in the present case.

6. The verdict was not contrary to law or the evidence.

December 15, 1885.

Attorney and Client. Practice in Superior Court. Admissions. Charge of Court. Estoppel. Before Judge SIMMONS. Floyd Superior Court. March Term, 1885

This was a motion by Wright, Meyerhardt & Wright to have ten per cent of the amount in the hands of the receiver in the case of Cothran, next friend, *vs.* Brower paid to them as fees, on the ground that they were of counsel

for the complainant, having been employed by Colonel Daniel S. Printup, the leading attorney, and a disagreement as to fees having resulted in an agreement to fix their fees at ten per cent of the recovery. This motion was resisted by Colonel Printup, who traversed the allegations in the motion, and alleged that the movants had not performed the services incumbent on them, but, on the contrary, had obstructed the execution of the decree.

Evidence was introduced by both sides, and the issue was submitted to the jury, who found in favor of the contract relied on by the movants. This contract was as follows:

" ROME, GEORGIA, November 20, 1883.

Whereas, a difference exists between Daniel S. Printup and Wright, Meyerhardt & Wright as to the amount of the latter's fee in the case of James S. Cothran, next friend of Laura E. Cothran *vs.* A. T. H. Brower and H. D. Cothran, bill, etc., in Floyd superior court, D. S. Printup claiming that the fee should be 7½ per cent of the recovery, and Wright, Meyerhardt & Wright claiming it should be 12½ per cent of the recovery. Now, in order to settle all disputes in the matter, the said Daniel S. Printup hereby agrees and contracts to pay said Wright, Meyerhardt & Wright for their legal services in the above case ten per cent of the final net recovery in the above case, after deducting from said final net recovery the sum of three hundred dollars allowed to said Daniel S. Printup for expenses and costs; and said Wright, Meyerhardt & Wright hereby agree to receive said ten per cent in payment of ther services, after making the deduction aforesaid.

(Signed)  DANIEL S. PRINTUP,
WRIGHT, MEYERHARDT & WRIGHT."

A motion for a new trial was made by " plaintiffs in said cause, by their attorneys, Daniel S. Printup and J. W. H. Underwood," on substantially the following grounds:

(1), (2.) Because the verdict was contrary to law and evidence.

(3.) Because, under the law applicable to said cause and the testimony therein, no recovery could be had on said motion, upon the contract in evidence against complainants, the same being a contract between Wright, Meyerhardt & Wright and Daniel S. Printup, and not a contract between said complainants and Wright, Meyerhardt & Wright. [The court added the following note:

" My recollection of what occurred is as follows: A motion was made to enforce the decree in the case of Cothran *vs.* Brower; after argument of counsel on that motion, I decided that the receiver must pay over the funds in his hands to the complainant or her counsel; after this decision was pronounced, and before the order was signed, Wright, M. & Wright made the motion to have their fees paid to them by the receiver before he paid the whole amount to Cothran or Printup. (This motion appears in the record.) This motion was resisted by Colonel Printup, on the ground that such a motion would not lie against him or Cothran, and that the movants must look to their contract and sue upon that. After argument of counsel upon this question, I reserved my decision until the next morning. When I went upon the bench the next morning, and before announcing my decision, Mr. S. Wright arose and said that they had agreed to go to the jury upon the contract, to which Colonel Printup assented; he filed his answer, and went to the jury upon the questions made in the pleadings."]

(4.) Because the court charged as follows: " I charge you that, if Colonel Printup employed Judge Wright solely for the purpose of making that speech pending that trial of the case before the jury, and Judge Wright did perform that duty afterwards, he would be entitled to recover whatever they agreed upon in that written contract. You must look to the evidence and determine from that what the nature of the employment was."—The objection was that there was no legal evidence to support such a charge, and that the same was in conflict with the written contract, as all evidence in regard to the oral contract for fees made or talked about between the parties before the written con-tract, made November 20th, 1883, was ruled out by the court, and therefore should not have been considered by the jury.

(5.) Because the court charged as follows: " If you find from the testimony in the case that, on account of some personal difficulties, hard feeling or unpleasant language on account of Colonel Printup, who was the leading coun-sel in the case, it became embarrassing on the part of Judge Wright to approach Mr. Printup or consult with him, or anything of that sort; and further, if you believe rom the testimony that he offered, or any member of his

firm offered, whenever called upon, to do duty, that they would do it, and Mr. Printup never called on them on account of this feeling between them, that would relieve them unless Printup did call on them." [Note by the court:

'·The question was not what the contract was, but whether Judge Wright had complied with his part of it. I refer the court to the whole charge upon this subject."]

(6.) Because the jury found contrary to the following charge of the court: " I charge you further that, if you find that Judge Wright or his firm were employed generally to carry on the whole litigation, then it was his duty to be and appear at all courts, when that case was in controversy, and perform his duty there."

(7.) Because the court erred in not giving in charge to the jury, having been requested so to do, the following section of the Code :·

§404. " *Counsel employed failing to render service.* Attorneys are prohibited from collecting any note or other contract in writing given as a fee in any cause which cause they have failed to attend to in person or by some competent attorney from the time of employment until the rendition of judgment, and the same shall be null and void, unless they were by contract released from such duty."

(8.) Because the court erred in not giving in charge to the jury, having been requested so to do, the following head-notes of a decision of the Supreme Court in 55 *Georgia Reports*, 283, to-wit :

" An attorney at law who agrees to collect a note for a certain per centum upon the amount collected, is not entitled to fees for suing the case to judgment; but to entitle him to fees under his contract, the money must be collected.

" In proceeding to collect, such attorney must bring to the business of collection diligence and skill, and under a contract to receive ten per cent, if a compromise be effected, and fifteen per cent if the case be litigated, his contract extends to all litigation touching the collection of the money, including what he may see fit voluntarily to do without a contract for additional fees and embracing the contest with other judgments and the defence of another suit against the same defendant, if in the way of his collection of the money, especially when, at the time the contract was made, it was understood by the parties

v 75-32

thereto that such other suit was pending and the necessity and mode of defending it was considered by the client and attorney."

(9.) Because the court erred in granting an order requiring the receiver in the case of Cothran *vs.* Brower to turn over to Wright, Meyerhardt & Wright ten per cent of the bonds, money and stock received in that case, after deducting $30 therefrom, upon the execution of a bond by that firm to return the amount to Colonel Printup, if Brower should recover the amount from Cothran or Printup.

The motion was overruled. A bill of exceptions was filed by Cothran, next friend. The other facts necessary to an understanding of the decision are stated therein.

DANIEL S. PRINTUP; UNDERWOOD, ROWELL & CHANEY, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, for defendant.

HALL, Justice.

Although this proceeding appears here in the name of the parties to the original suit, it is in fact a controversy between Wright, Meyerhardt & Wright, of the one part and Daniel S. Printup, of the other part, who are complainant's counsel, respecting the right of the first parties to compensation for services rendered as counselors and attorneys at law, in bringing into court the fund out of which they insist they should be paid.

There is no question that the movants in this rule, Wright, Meyerhardt & Wright, rendered good and efficient service in obtaining the verdict in the cause of Cothran *vs.* Brower, of which the fund now in the hands of the receiver was the result. There was a controversy between them and Printup, who was the leading counsel for Mrs. Cothran, the plaintiff in the suit, and who engaged their services for her, as to the portion of the recovery to which they were entitled as a fee. This was settled at ten per cent by an arrangement between the parties, and the settle-

ment was reduced to writing and signed by them respectively, after the motion for a new trial had been finally disposed of by a judgment of this court, rendered upon a bill of exceptions and writ of error sued out and prosecuted by Brown, the losing party in the case. Nothing preceding this agreement was considered or passed upon by the court on the trial of this rule. The defence set up against the recovery of movants was that, after this agreement there were various motions, bills and other proceedings instituted, both in our court and in the courts of the United States, to arrest or set aside the verdict and decree rendered in the first case, and that in these subsequent proceedings the movants took no part, and utterly neglected and refused to render services, as by their contract and the law they should have done. To this it was replied that movants was employed only for a particular purpose, and to render a special service, viz., that the senior member of their firm, Judge A. R. Wright, should make the concluding argument in the case before the jury, which it is admitted he did, but as their fee was contingent upon the net final recovery, they were ready and willing to perform any services necessary to secure the fund, whenever they should be called upon by Mr. Printup for such services, and that they so informed him; that he never called upon them for such services, but, on the contrary, conducted himself in such manner as to repel all advances from them and to render their association with him unpleasant. On these issues, thus sharply defined, the case was submitted to a jury, who returned a verdict in favor of the movants, and on this verdict the court entered a judgment directing the receiver to pay and turn over to them the amount found to be due, out of the funds in his hands. The respondent made a motion for a new trial, which was refused, and he excepted, and alleged therein various errors which are brought here for review, and which he now contends entitle him to have the judgment of the court below reversed.

1. The first assignment of error we shall notice is that made by the 3d and 9th grounds of the motion for a new trial. They each raise the same question in a different form. The judge's note to the first of these grounds removes the foundation on which they rest. The respondent had offered an objection, which would have raised the question squarely, but after arguing it, and pending the deliberation of the court, and before any decision had been pronounced, he withdrew the objection, agreeing to go to the jury upon the contract between them and the issue which Printup made by his response to the rule; and upon the issues between these parties the jury found their verdict. The evidence shows that fifty per cent of the fund in the receiver's hands was liable to the payment of counsel fees, and that Printup was authorized by Mrs. Cothran to employ associate counsel, to be paid out of that portion of the recovery. The movants did not wish this amount to go into his hands before the settlement of their fees, as they were averse to being driven to a suit against him upon the contract, and by his agreement in open court, upon which the trial proceeded, the necessity for resorting to this course was obviated; and even if they did not have this right independently of such an agreement, which we are strongly inclined to think they had, the respondent is now estopped by his solemn admission *in judicio* from urging his objection. Besides, the 9th ground assigns no specific error to the final order, and without this we cannot consider it.

2. There is no error in the charge complained of in the 4th ground of the motion for a new trial. The movants had a right to stand on their contract as to the amount and character of the services they were thereby bound to render, unless it was shown that it was altered in this particular by a subsequent agreement, which it was contended was the case, and much evidence was introduced supporting and controverting this view. It was for the jury to find the truth of the matter, and this they have done, upon what seems to us sufficient testimony to sustain their verdict.

Cothran, next friend, *vs.* Brower *et al.*

3. The charge excepted to in the 5th ground of the motion for a new trial submits the point as to whether Wright, Meyerhardt & Wright performed their duty after the execution of the contract between them and Printup, and if they did not, whether their failure to do so was owing to Printup's conduct, which rendered their association with him unpleasant and difficult, and whether he ever called upon them for such services as they alleged he undertook to do.   There is no error specified in this charge, which it seems to us was in every respect full and fair, and just such as should have been given.

4. The exception to the charge embodied in the 7th ground of the motion is groundless.   The court did charge the principle which respondent's counsel requested, as also the section of the Code which prevents attorneys from recovering upon contracts for services, when they have failed to render such service.   At the close of his charge, the judge says, in response to a request to charge this section of the Code, " I think I have charged that it is the duty of a lawyer to follow up the case, whenever he can do so."

5. The court gave in charge the principle contended for as correct in the 8th ground of the motion for a new trial. It was right to refuse to charge as requested in the language used by this court in the case of *Moses vs Bagley & Sewell*, 55 *Ga.*, 283.   There was a difference in the facts and circumstances of the two cases, and the charge given was more appropriate to the case undergoing investigation than that requested.

6. The remaining grounds of the motion amount to an allegation that the verdict was contrary to law and evidence.   We agree with the court below that such is not the case ; indeed, we think that it is in accordance with the law and the strong and decided weight of the evidence.

Judgment affirmed.