SIMON HEAVENRICH *et al. vs.* EDWARD H. STEELE.

Argued April 19, 1894. Affirmed May 8, 1894.

No. 8664.

**Effect of a rescission of an accord and satisfaction.**
Parties to an accord and satisfaction may, by a subsequent agreement, rescind the same, and restore the debt to its original status.

Appeal by defendant, Edward H. Steele, from an order of the District Court of Hennepin County, *Thomas Canty*, J., made September 9, 1893, denying his motion for a new trial.

The plaintiffs, Simon Heavenrich and Samuel Heavenrich, of Detroit, Mich., sold goods to defendant, Edward H. Steele, of Minneapolis, and in August, 1888, he was indebted to them in the sum of $5,079.30. He was insolvent and in that month made an assignment to Whipple Andrews of all his unexempt property in trust to pay his debts. Steele soon after proposed to his creditors to form a corporation to be called the Minneapolis Land and Mortgage Company. Each creditor to take stock to the amount of his

claim and that the assignee turn over to it all the assigned estate
and be discharged and that the proceedings under the assignment
be closed.   This was assented to, the corporation was formed, the
assignee turned over the property and was discharged and on De-
cember 13, 1888, plaintiffs received stock to the amount of their claim
and released Steele from all personal liability.   On January 31,
1889, the plaintiffs tendered back their stock and commenced an
action in the District Court of Hennepin County to set aside and
rescind the settlement on the ground of fraud and misrepresenta-
tions regarding the property of the corporation.   Such proceedings
were had that on February 13, 1889, a compromise was effected, the
suit withdrawn, and Steele agreed to find a purchaser of plaintiffs'
claim within six months from that date who would pay them $3,500
for it.   Plaintiffs agreed to accept that sum in full of all demands
if paid within that time.   The contract further provided that if
that sum was not paid to plaintiffs within the six months, the in-
debtedness of Steele to them of $5,079.30 should be revived and con-
sidered in force; meantime, plaintiffs were to hold the stock as
collateral security for the indebtedness.   Steele did not find a
purchaser of plaintiffs' claim within the six months, nor did he or
any one pay them the $3,500 and they brought this action September
26, 1892, to recover of Steele the $5,079.30 and interest.   A jury
was waived and the court made findings and ordered judgment for
plaintiffs for that amount and interest and costs.   Defendant moved
for a new trial.   Being denied he appeals.

*George B. Spencer*, for appellant.

*Keith, Evans, Thompson & Fairchild*, for respondents.

GILFILLAN, C. J.   The findings of fact, including the sixth, as to
which error is assigned, are fully sustained by the evidence.

On those findings, the only question is, can creditor and debtor,
having made an accord and satisfaction, rescind the same, by a
subsequent agreement, so as to restore the debt to its original status,
and so that it may be sued without reference to the accord and
satisfaction, or to the agreement rescinding it?

We can conceive of no reason why they cannot.   It is true that
by the accord and satisfaction, so long as it stands, the debt is

extinguished. But, when it is rescinded, matters stand as though it had never been made.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 982.)

Application for reargument denied May 22, 1894.