Thomson, J.
On December 14, 1898, the appellant, a mining corporation, owed the appellee $163 for work performed in and about its mining premises. On that day it executed a lease for a portion of its mine to the appellee, and eight others to whom it was also indebted, for three months with the privilege of six. The contract of lease, after fixing the royalties to be paid by the lessees to the lessor, provided that those royalties should be paid by the latter to the former, and applied and credited pro rata on its liabilities to them, until the sums due them should be fully paid. The contract concluded as follows:- “In witness whereof, the said parties have hereunto set their hands and seals in duplicate, — accepting above method of payment for all liabilities of said lessor due said lessees.” The lessees operated the leased premises for the period of three months as fixed by the lease, and during that time the appellant paid to the appellee on his claim three sums of money, as follows: December 24, 1898, $23.12; February 24, 1898, $22.61; and March 14, 1899, $21.09. These sums were credited on the amount due him. The lessees did not avail themselves of the privilege offered in the lease, but surrendered the premises to the appellant at the expiration of the term of three months. About June 21, 1899, appellee had conversations with the managing officers of the appellant respecting the balance due him. They asked him to be patient, assuring him that he would receive his money in a few days. The money not being forthcoming, on the 21st day of October, 1899, the appellee brought suit before a justice of the peace to recover his demand. The justice gave him judg *361 ment, and the defendant appealed to the county court, where judgment being again rendered in his favor, the defendant appealed to this court.
The only point made by the defendant here is that the giving and acceptance of the lease operated as an accord and satisfaction; and we are cited to a number of authorities holding that the acceptance of a collateral thing of value in full satisfaction of a claim, is a bar to an action on the claim. We have no occasion to differ with counsel as to the effect of accord and satisfaction. The weakness of his position lies in the want of necessary facts to render the law applicable to the case.
An accord and satisfaction is the substitution, by agreement of the parties, of something else in place of the original claim; and, when executed, its effect is to extinguish the antecedent liability. — Bulliam v. Taylor, 50 Miss. 251; Heavenrich v. Steele, 57 Minn. 221; Babcock v. Hawkins, 23 Vt. 561.
No witness undertook to say that the lease was accepted by the plaintiff in satisfaction of his claim. In support of its contention, defendant relies solely on the provisions in the lease that the royalties derived from the mine should be applied and credited pro rata on the liabilities of the lessor to the lessees until full payment of the debts; and that the lessees accepted such method of payment of the entire indebtedness. But it is evident from the language employed that it was not intended by the parties that the execution and delivery of the lease should operate as an extinguishment of the indebtedness. On the contrary, the liabilities were recognized as continuing. They were to be reduced by the application upon them from time to time of the royalties received by the lessor; but their extinguishment was not contemplated until they should be fully satisfied by payment. And the agreement of the lessees to *362 accept the proposed method of payment of their' claims, would have no meaning if those claims were regarded as extinguished by the execution of the lease. In such case there would be no claims to pay. Apparently, the parties supposed that the royalties which the premises would yield during the term of lease would be sufficient to discharge the indebtedness, and no provision was made for further payment in case they should not. But the liability of the defendant had already attached, and the contract nowhere provided for its extinguishment except by payment. The acceptance of the lease and the method of payment for which it provided might suspend the defendant’s right of action upon his claim until the expiration of the term; but when the term did expire, and his claim was still unpaid, he was not barred by any covenant in the lease from falling back upon the defendant s original and unextinguished liability.
But counsel says that the lessees should have availed themselves of the privilege, extended by the contract, of working the premises three months longer. He thinks that as they accepted a method of payment which necessitated the extraction by them of ore from the mine, they were bound to occupy the full space of time allowed them by the contract. But by their agreement, they accepted that method for three months and no longer. They had the privilege of continuing their operations for another period of three months, but it was entirely optional with them whether they should do so or not.. Their contract bound them to test the specified method for three months, but it bound them no further; and if the result of their experience during that period, was that the method was a failure, they could hardly be expected to avail themselves of their privilege.
If from the language of the contract, there might *363 be a question as to tbe intention of tbe parties, tbe conversations between tbe plaintiff and tbe defendant’s officers, after tbe surrender of tbe premises, would set it at rest. It was not pretended by those officers that tbe lease was received in satisfaction of tbe debt; it was not intimated that tbe mine ought to have been worked longer; tbe claim as reduced by tbe application of tbe royalties was recognized and conceded as subsisting, valid and enforcible; and assurances of its payment were given. There is no merit in tbe defense.
Let tbe judgment be affirmed.

Affirmed.