### ARNOLD *v.* MALSBY *et al.*, executors.

EVANS, J. 1. All previous verbal negotiations respecting the terms of sale of certain machinery are merged in the subsequent written contract of sale, and are inadmissible to vary or contradict the writing. *Smith* v. *Newton,* 59 *Ga.* 113 (5).

2. Where a written order for certain machinery stipulated that the seller should not " be held liable for damages for delays by railroad or ·failure of

manufacturers in not shipping machinery," the seller is not liable to the purchaser for damages accruing from such delays.

3. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed.    All the Justices concur.*

Argued June 14, — Decided July 13, 1904.

Bail-trover.    Before Judge Holden.    Morgan superior court. November 17, 1903.

The action was by Malsby & Company against Arnold, for the recovery of an engine and boiler and a saw, which the plaintiffs had sold the defendant under a written contract by which title was reserved in the vendors until payment of the purchase-money. Arnold by his plea sought to recoup damages on account of delay in the shipment of the machinery.    An order by Arnold to Malsby & Company (Atlanta, Ga.), to ship "at once" to him at Godfrey, Ga., an engine and boiler and a saw, of designated make and dimensions, formed a part of the written contract referred to.    He agreed therein "to receive the machinery on arrival fully subject to the warranty printed below," and to pay freight from the factory and a stated price for it.    In the contract of sale and warranty "printed below," it is provided that Malsby & Company shall not "be held liable for damages for delays by railroad or failure of manufacturers in not shipping machinery;" also that Malsby & Company shall not "be held responsible for any damage caused by delay in shipping machinery, or detention in transportation, but shall use all means in their power to secure prompt delivery of same."    It is provided also that "no person or firm selling Malsby & Company machinery is authorized to make any verbal or written alteration or change in the foregoing warranty." The contract is dated December 7, 1900.    At the trial the defendant testified:   " I bought an engine from Malsby & Company through the half brother of Mr. Malsby. . . Mr. Malsby came to my place on the morning of December 7, for the purpose of selling me an engine.    I took him in my buggy and rode out there on my farm where I had just started to cutting corn, and told him I wanted an engine for the purpose of shredding this corn. . . Malsby said he was the junior member of the firm of Malsby & Company.    I bought the engine for so much, to be delivered at my place within six days.    It was to be shipped from Atlanta, and to be shipped at once.    He could not have sold me the engine

under any other circumstances, because I could have gotten one in Macon, and told him so. I could have gotten it at once. The engine was not shipped at once. It was shipped from New York City about December 21. . . When he went to my desk to draw up the contract it was specially understood between Malsby and me that this engine was to be shipped at once. I had taken him to my place and showed him the amount of corn I had, and told him that I had to have the engine right away, and if I didn't get it right away the stuff would be liable to ruin; and he said he had it in stock in Atlanta and would ship it out the next morning, that he would go there and look after getting it out himself. There was a saw bought in connection with it. . . Before I signed the contract I told him the engine would have to be delivered at once; he agreed to that, and I signed it." There was other testimony to the same effect. The defendant introduced a letter from Malsby & Company, acknowledging the receipt of the order through " our Mr. Malsby," and stating that the machinery would be shipped " as soon as possible." He testified that he waited until the expiration of four or five days, and, not hearing from them, wrote to Malsby, and afterwards received different communications from Malsby & Company (the contents of which did not appear), from which he "expected the engine right away;" that the corn rotted while he was waiting for the engine, and that he was thus damaged in an amount stated. At the conclusion of the evidence, the court sustained a motion of the plaintiff's counsel to rule out the testimony as to what Malsby said in regard to the time when the engine was to be shipped, on the ground that there was a written contract. The court then directed a verdict for the plaintiff. The defendant excepted.

*George & Anderson*, for plaintiff in error.
*C. L. Pettigrew* and *Foster & Butler*, contra.