## CHARLES *v.* STERLING SECURITY & BROKERAGE CO.

GILBERT, Justice. 1. A petition will not be dismissed as a whole, if it is sufficient to set out a cause of action for any of the relief sought.

2. From the petition as amended, including the exhibits which are attached to and made a part of the petition, it can not be ascertained in the present case to whom the notes assigned are made payable. As against a general demurrer, a petition will be construed most strongly against the pleader. A demurrer admits only facts well pleaded. Thus construed, the petition is held to allege that the notes assigned were payable to J. S. Charles, the defendant in the present suit.

3. The representations and negotiations prior to the execution of the written contract are merged in the latter, and the validity of the transaction must depend upon the contract as executed.

4. The contract "warrants the title to the above-described properties and that said assignments, notes, etc., are genuine and not fictitious instruments." The contract also transfers to the purchaser, its successors and assigns, "the right to use the name of Banks and Company in the State of Georgia." On general demurrer the latter provision will be construed as assigning to the purchaser the right of transacting business in the name of "Banks and Company."

5. The demurrer admits that the trade-name, Banks and Company, has never been registered as required by law in Code of 1933, §§ 106-301, 106-302.

6. Applying the above principles, the petition failed to set out a cause of action for cancellation and rescission of the contract, for the reason that it does not appear that the notes assigned are payable to "Banks and Company," a trade-name not registered according to law. Under the allegations and the prayer for general relief, the petition set out a cause of action for recovery against the defendant for the amount of all fictitious or forged notes, and also for the damage and loss sustained by reason of the sale of the purported right to do business under a trade-name which had not in.fact been registered, and therefore not lawfully authorizing the purchaser to do business under such trade-name at the time of purchase.

7. The provision in the contract that there was no warranty as against defenses can not be held to exclude from warranty defenses to the assignment which are fictitious, the contract specifically warranting against fictitious assignments.

8. The court did not err in overruling the demurrer as to that part of the petition which sought recovery for the damages mentioned in headnote 6, but erred in overruling the demurrer as to that part of the petition. which sought cancellation and rescission of the contract.

*Judgment affirmed in part and reversed in part. All the Justices concur. Russell, C. J., and Bell, J., concur in the result.*

No. 11302.  MAY 14, 1936.

484

*Haas, Gambrell & Gardner, Edgar Chambers Jr.,* and *Irving S. Nathan,* for plaintiff in error.

*Don K. Johnston,* contra.