ADLER *v.* LEOPOLD ADLER COMPANY *et al.*

No. 16651.  SEPTEMBER 16, 1949.

820

*Bouhan, Lawrence & Williams,* for plaintiff.

*Lawton & Cunningham, Nichols Wood,* and *Marx & Ginter,* for defendants.

HEAD, Justice. ■ In the present case the plaintiff relies upon the Code, § 37-206, as follows: "In all cases of a mistake of fact material to the contract or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve."

The plaintiff's right to recover cannot be measured by one equitable statute or section of the Code, since such statute must be construed with reference to other equitable principles of which it forms a part. *Barron* v. *Terrell*, 124 *Ga.* 1077, 1078 (53 S. E. 181); *Cook* v. *Wier*, 185 *Ga.* 418, 421 (195 S. E. 740). But if the rule were otherwise, and if the plaintiff's action could be measured solely by his contention that in executing the contract dissolving the partnership he acted under a mistake of fact material to that contract, he could not recover in this action, for the reason that no mistake of fact is shown by the allegations of his petition, when considered in connection with the contract he seeks to rescind.

The plaintiff alleges that, several months after his connection with the defendant company had been terminated, in an interview with an accountant formerly employed by the defendant company and its predecessor (the partnership), he "learned for the first time of the failure to give petitioner credit for his interest in the assets of the partnership and the fact that it might make a vital and material difference with respect to the status of his debit balance at the time of the formation of the corporation. . . The said accountant informed petitioner that it was probable that, by recasting the accounts so as to give effect to his twenty percent share of said partnership assets in 1919, he would have had no indebtedness to the partnership in 1939, and that as a matter of fact he might have had a credit on the books thereof. Petitioner thereupon commenced an investigation into the financial affairs of the partnership with which he had never been allowed previously to acquaint himself. From information obtained and accumulated petitioner was able to verify the correctness of said accountant's statement, with respect to the existence of an actual credit balance in his favor in 1939 rather than the alleged debit of $94,000."

The contract of dissolution (effective as of November 30, 1939) appears to have been executed by each of the three part-

ners, and provides in part: "The partnership of Leopold Adler was formed in 1919. In June, 1923, Leopold Adler gave to each of his two sons, Sam G. Adler and Melvin L. Adler, a twenty percent interest in the assets and profits and losses of said department store business, which gift was made retroactive to 1919. This gift of the interest in his business to his two sons was declared by Leopold Adler in a written declaration executed by him in June, 1923. *It has happened in the course of the negotiations leading up to the liquidation of the partnership that Sam G. Adler and Melvin L. Adler were not credited with their share of the partnership assets on the partnership books,* although it has been otherwise recognized that they were and are partners in all the assets of the business, including its good will, and liable as partners for all the debts of the business. The department store business of Leopold Adler has been operating successfully for many years in the same location it now is when Sam G. Adler and Melvin L. Adler became partners therein, and the good will of the business was then a valuable asset and was then, and is now, conservatively worth at least $100,000 and in the liquidation of the partnership, the said Sam G. Adler and Melvin L. Adler are justly entitled to their respective shares in this capital asset. *If Sam G. Adler and Melvin L. Adler should be given credit on the partnership books for their shares in the assets of the partnership, their respective indebtedness to the partnership would be considerably reduced, but the parties hereto do not desire to go back and recast the accounts,* except that Sam G. Adler and Melvin L. Adler shall be allowed in the liquidation their shares in the good will of the business." (Italics ours.)

From the above provision of the contract of dissolution it is evident that the plaintiff was fully informed that he had not been credited on the books of the partnership with his share of the partnership assets, and he was further advised that, should he be given credit for his share, his indebtedness to the partnership would be considerably reduced. Notwithstanding this direct and specific notice to the plaintiff of the very fact of which he now complains, he nevertheless agreed that *"the parties hereto do not desire to go back and recast the accounts."* The fact that the plaintiff may have been induced to agree that he did

not desire to recast the books of the partnership by credit to his account of the full book value of the assets of the partnership, plus one-third of the value of the good will (estimated to be $100,000), and his employment by the corporation, will not sustain his allegations that he acted under a mistake of fact. Whatever may have been his reasons for agreeing that he did not desire to recast the books of the partnership, such reasons were sufficient to him at the time of the execution of the contract.

The plaintiff does not allege that any fraud or deceit has been practiced upon him. The terms of the contract of dissolution are clear, and the plaintiff by its terms was put on notice that a different result might be arrived at if a complete revision and audit of the books were made.

"Courts cannot relieve from bad contracts or hard bargains, where they have been deliberately made, and where there has been no fraud or deceit, and the terms of the contract are clear and unambiguous." *Central of Georgia Ry. Co.* v. *Gortatowsky,* 123 *Ga.* 366, 374 (51 S. E. 469).

■ It is clear from the terms of the contract of dissolution of the partnership that none of the partners knew, or could have known, the true and correct status of the partners with reference to the partnership assets, had certain credits been entered to the plaintiff's account, in the absence of a complete audit and recalculation from the period such credits were entered. The acts of the parties were not upon the basis of a mistake, but upon the basis of a lack of knowledge or total ignorance of what the result might be. "Ignorance by both parties of a fact shall not justify the interference of the court." Code, § 37-210; *DuBignon* v. *Brunswick,* 106 *Ga.* 317 (32 S. E. 102).

The plaintiff now undertakes to excuse his lack of knowledge by asserting that the defendant and the bookkeeper of the partnership kept him in ignorance as to the finances of the partnership, that the defendant discouraged him from obtaining information, and that when information was requested by the plaintiff from the bookkeeper, he was told he would have to see his father. The plaintiff further alleges that the defendant studiously refrained from taking the plaintiff into his confidence. Such allegations, standing alone, are insufficient to excuse the plaintiff's lack of knowledge. He does not allege that he re-

quested any specific information from his father, or from the bookkeeper, nor does he undertake to explain why the information which he later obtained from an accountant (after the discharge of the plaintiff and the accountant) could not have been furnished by such accountant at any time during the period of the plaintiff's employment.

Regardless of any attitude on the part of the father of the plaintiff with reference to the financial affairs of the partnership, or the attitude of the bookkeeper, the rights of the plaintiff as a partner in the business were not thereby defeated. The plaintiff alleges that during substantially all of the period from 1919 to 1945 the plaintiff and his brother were in almost complete charge of the business; the defendant made it a practice to take vacations of some five to six months' duration each year, and during the balance of the year devoted only two hours of each day to the partnership business. Certainly during the period of the defendant's absence in any year the plaintiff might have exercised his right as a partner charged with the management of the business to have any examination, investigation, or audit of the books which he might have deemed proper.

Under all of the allegations of the petition the plaintiff has placed himself squarely within the rule that, "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve." Code, § 37-211. In *Keith* v. *Brewster*, 114 *Ga.* 176 (39 S. E. 850), it was held: "While equity will, on seasonable application and under proper circumstances, relieve a party from the injurious consequences of an act done under a mistake of fact, it will not do so if such party could by reasonable diligence have ascertained the truth as to the matter concerning which the mistake was made." See also *Iverson* v. *Wilburn*, 65 *Ga.* 103; *Langston* v. *Langston*, 147 *Ga.* 318 (93 S. E. 892); *Browning* v. *Richardson*, 181 *Ga.* 413 (182 S. E. 516); *City of Jefferson* v. *Trustees of Martin Institute*, 199 *Ga.* 71, 77 (33 S. E. 2d, 354).

The recitals of the contract dissolving the partnership were sufficient to advise the plaintiff that, by entries of credits of his partnership assets upon the books and a subsequent redetermination of his partnership interest, a different result would be obtained. Notwithstanding this notice, the plaintiff made no

demand for an entry of credits and a recasting of the books. "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." Code, § 37-116.

The plaintiff's failure to insist upon adjustments in the records of the partnership is conclusive upon him. His ignorance was due to his own negligence, and he will not now be heard to complain that he acted upon a mistake of fact.

The trial court did not err in sustaining the general demurrers and dismissing the action.

*Judgment affirmed. All the Justices concur.*