### 38771. DIXIE BELLE MILLS, INC. v. SPECIALTY MACHINE COMPANY.

FRANKUM, Judge. 1. The defendant in error (hereinafter referred to as the plaintiff) filed suit against the plaintiff in error (hereinafter referred to as the defendant) in the Superior Court of Gordon County. The plaintiff's action was one at law on an alleged implied contract, and the following statement presents, in condensed form, all that is material to an understanding of the question of our jurisdiction. The plaintiff's petition alleged that the parties had entered into a contract to install certain equipment in the defendant's plant; that certain additional equipment was needed to be installed which was not included in, nor specified in, such contract executed by the parties; that the plaintiff furnished the materials

and labor to install this additional equipment, and that there existed an implied contract between the parties whereby the defendant was obligated to the plaintiff for the additional material and labor in the amount sued for.

The defendant filed a general denial, and, by an amendment to its plea and answer, sought to set up facts to show a mutual mistake on the part of both parties or intentional fraud on the part of the plaintiff whereby the alleged additional work encompassed in the allegation of the plaintiff's petition of an implied contract was, in fact, a part of the original contract between the parties. The defendant prayed that the original contract executed by the parties be reformed to comply with the understanding between the parties whereby the value of labor and material now sought by the plaintiff under an implied contract would be included in the original contract. The defendant also prayed in the alternative, that if the contract was found to exist (as alleged by the plaintiff), the contract be rescinded because of mutual mistake of fact.

The amendment was allowed subject to demurrer, and upon motion of counsel for the plaintiff, the amendment was stricken. This ruling, among others, is assigned as error.

2. The Supreme Court has exclusive jurisdiction of all questions concerning equity under article VI, section II, paragraph IV, of the Constitution of Georgia (*Code Ann.* § 2-3704), which includes jurisdiction of bad equity cases as well as good equity cases. *O'Callaghan v. Bank of Eastman,* 180 Ga. 812 (180 S. E. 847). The instant case is controlled by the ruling in *American Associated Companies v. Vaughan,* 210 Ga. 141 (1) (78 S. E. 2d 43), where the court stated: "The defendants' amendment seeking equitable relief, which was stricken on motion, converted the case from an action at law into an equity case, that is within the jurisdiction of this court." The facts of the *Vaughan* case, supra, and the instant case are almost exactly the same. In the *Vaughan* case the plaintiff brought an action at law, and the defendants, by amendment to their plea and answer, sought equitable relief and prayed for reformation of the contract, and, in the alternative, that the contract be rescinded because it was entered into by mutual mistake of fact. The amendment in the *Vaughan* case was allowed and later stricken on motion.

In the *Vaughan* case, supra, Justice Almand, speaking for the

court, stated: "1. The question has been raised as to whether the case under review is one over which, under the provisions of article VI, section II, paragraph IV of the Constitution of 1945 (*Code Ann.* § 2-3704), this court has exclusive jurisdiction. Though the case originated solely as an action at law, the amendment which was first offered and allowed subject to objection, and thereafter stricken on motion and disallowed, alleged facts and contained prayers whereby the defendants sought a reformation of the contract between the parties. In our opinion, under previous rulings of this court (*Dunson v. Lewis*, 156 Ga. 692, 119 S. E. 846; *Dyson v. Washington Telephone Co.*, 157 Ga. 67 (3), 121 S. E. 105; *Harrell v. Parker*, 186 Ga. 760 (1), 198 S. E. 776; *Fuller v. Calhoun National Bank*, 186 Ga. 770, 199 S. E. 116; *Gibbs v. H. T. Henning Co.*, 189 Ga. 675 (2), 7 S. E. 2d 238), the amendment stricken, as well as some of the amendments which were disallowed, converted the case before us into an equity case, and one within the jurisdiction of this court." See also *Wild v. Krenke*, 206 Ga. 83 (55 S. E. 2d 544).

Under the above ruling the case *sub judice* is within the exclusive jurisdiction of the Supreme Court and not the Court of Appeals, and is, accordingly, transferred to that court.

*Transferred to the Supreme Court. Townsend, P. J., Carlisle and Jordan, JJ., concur.*

DECIDED APRIL 6, 1961.

*Pittman, Kinney & Pope, J. T. Pope, L. Hugh Kemp*, for plaintiff in error.

*Hardin, McCamy & Minor, John T. Minor III*, contra.