## 21236.   DIXIE BELLE MILLS, INC. v. SPECIALTY MACHINE COMPANY.

Argued May 8, 1961—Decided June 8, 1961—Rehearing denied June 22 and July 10, 1961.

*Pittman, Kinney & Pope, L. Hugh Kemp,* for plaintiff in error.
*Hardin, McCamy & Minor,* contra.

HEAD, Presiding Justice. 1. Jurisdiction of the present case is in the Supreme Court, and not the Court of Appeals, for the reasons stated in the opinion of Judge Frankum for that court. See *Dixie Belle Mills v. Specialty Machine Co.,* 103 Ga. App. 478 (120 SE2d 54).

In its amendment seeking equitable relief, which was stricken by the court on oral motion in the nature of a general demurrer, the defendant prayed that the written contract be "reformed to comply with the oral understanding between the parties as to completion of the entire work," and that, if it should be found that the contract did not result from mutual mistake of fact, it be adjudged that the contract resulted from a mistake of fact material to the contract on the part of the defendant and fraud on the part of the plaintiff.

The written contract or agreement between the parties, in the form of a letter signed by John D. Carter, president of the plaintiff, and approved by the defendant's employee, Irving Funk, was not uncertain, vague, indefinite, or ambiguous. It proposed to install certain equipment in the defendant's plant, pursuant to stipulated drawings, for a stated amount of money. "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." *Code* § 38-501. "All previous negotiations are merged in the subsequent written contract, and an additional obligation can not be grafted thereon by parol testimony." *Roberts v. Investors Savings Co.,* 154 Ga. 45 (5) (113 SE 398). See also *Williams v. Waters,* 36 Ga. 454 (3); *Howard & Soule v. Stephens,* 52 Ga. 448; *Arnold v. Malsby,* 120 Ga. 586 (48 SE 132); *Charles v. Sterling Security &c. Co.* 182 Ga. 480 (3) (185 SE 807); *Thompson v. Riggs,* 193 Ga. 632, 634 (2) (19 SE2d 299); *Thompson v. Arrington,* 209 Ga. 343 (2) (72 SE2d 293); *Early v. Kent,* 215 Ga. 49 (108 SE2d 708).

The allegations in this amendment to the effect that the defendant's employee Funk had previously had business relations with Carter on oral understanding, and had confidence in him, are insufficient to establish any confidential relations between

the parties. *Code* § 37-707; *Dover v. Burns,* 186 Ga. 19, 26 (196 SE 785); *Thomas v. Eason,* 208 Ga. 822, 827 (3) (69 SE2d 729).

The defendant's amendment alleges that the defendant's employee Funk, relying on the oral agreement that Carter would do the complete job, signed the letter of April 24, 1956, without making any investigation as to what was to be included therein with reference to the blueprints, because discussion of the prints had been between Carter and technical engineers. It was further alleged that those who discussed the prints and drawings on behalf of the defendant with Carter were an engineer of New York who prepared the prints and drawings, and Frank Cooper and Lawrence Gaines, employees of the defendant. From the allegations of the defendant's amendment, it appears that any lack of knowledge on the part of Funk as to what drawings should be included in the written contract was due solely to his own negligence. It is not shown that the two named employees of the defendant who participated in the negotiations with the plaintiff's president, Carter, were not available, could not have been consulted, and that Funk in executing the contract on behalf of the defendant could not have been fully informed as to the nature and extent of the work to be done by the exercise of any degree of diligence. "Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." *Code* § 37-116. "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve; . . ." *Code* § 37-211. "It is well-settled law in this State that equity will grant no relief to one who by the exercise of ordinary diligence could have prevented the injury complained of." *Prince v. Friedman,* 202 Ga. 136, 140 (42 SE2d 434). See also *Bostwick v. Duncan, Johnston & Co.,* 60 Ga. 383; *Keith v. Brewster,* 114 Ga. 176 (39 SE 850); *Brooks v. Northwestern Mutual Life Ins. Co.,* 193 Ga. 522 (18 SE2d 860); *Adler v. Leopold Adler Co.,* 205 Ga. 818, 826 (55 SE2d 139).

Under the foregoing rules, the amendment of the defendant did not state a cause of action for any of the equitable relief prayed, and it was not error to strike it.

2. In ground 1 of the amended motion for new trial the

defendant excepted to the following extract from the charge of the court: "I charge you that where the amount of a debt is un-liquidated or disputed, and the debtor pays to the creditor an amount less than the amount of the debt claimed by the creditor, upon the distinct understanding that the same was to be received in full discharge of the debt, if the creditor did not, within a reasonable time after the money was received, repudiate the offer and return the money remitted to him, all liability on the debt would be discharged. And in this connection and in this case, I charge you that it is a question of fact for you to determine, you members of the jury, whether or not in fact and in truth there was a distinct understanding between the parties to this case that any check was paid by the defendant and received and retained by the plaintiff in full discharge of all debts owed by the defendant to the plaintiff."

The defendant averred: (a) The charge was erroneous and not sound as an abstract principle of law. (b) It was confusing to the jury in that it instructed them that there must have been a distinct understanding that the check was in full payment, and deprived the defendant of its defense of accord and satisfaction. (c) It was misleading in that it instructed the jury that they must find a distinct understanding before they could find an ac-cord and satisfaction, and the court at no time corrected this charge. (d) It was such harmful error as to require the grant of a new trial.

In *Rivers v. Cole Corporation,* 209 Ga. 406 (73 SE2d 196), this court in a full-bench decision adopted the dissenting opin-ion of Mr. Justice Duckworth (now Chief Justice) in *Sylvania Electric Products v. Electrical Wholesalers,* 198 Ga. 870, 876 (33 SE2d 5). It is now the law of this State that if a debtor remits to the creditor a sum of money, less than the amount ac-tually due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results, and this is true whether the demand be liquidated or unliquidated, disputed or undisputed.

The court's language that, "I charge you that where the amount of a debt is unliquidated or disputed, . . ." was, in effect,

applying the applicable rule, since the plaintiff's claim was both unliquidated and disputed. See *Hamilton & Co. v. Stewart*, 105 Ga. 300 (31 SE 184). The words "unliquidated or disputed" were applicable in the present case under both the pleadings and the evidence, and it was not, therefore, a limitation on the rule that an accord and satisfaction may operate as to a liquidated or undisputed debt, neither of the latter being an issue in the cause.

It appears that the trial judge may have based his charge as to a "distinct understanding" on language of this court in *Jenkins v. National Mutual B. & L. Ass'n.*, 111 Ga. 732 (36 SE 945), wherein it was held that "where a debtor remitted to a creditor less than the amount of the debt as claimed by the creditor, upon the distinct understanding that the same was to be received in full discharge of the debt, if the creditor did not, within a reasonable time after the money was received, repudiate the offer and return the money remitted to him, all liability on the debt would be discharged." While language of this court in an opinion is not necessarily appropriate for instruction to the jury in the trial court, it appears that in the present case the charge given was authorized by the defendant's evidence, and more particularly by the testimony of its employee Nathan Snow. The jury would have been authorized to find from the testimony of the defendant's witness Snow that there was a "distinct understanding" between the parties after the check was received by the creditor that it was in full payment of the plaintiff's demands.

In an amendment to its answer the defendant alleged: "That on September 12, 1956, defendant made its final payment to plaintiff in full payment of plaintiff's claims for the work at its plant referred to in the petition as last amended on February 26, by check in the principal sum of $3,500, upon which the following notation was made: 'In full payment for contract job completing exhaust duct system and recirculating duct system on overhead dryer.' Plaintiff received said check and cashed the same and retained the money, all of which constituted an accord and satisfaction of all claims asserted in the plaintiff's petition as amended."

In this amendment to its answer it is clear that the defendant pleaded an express condition, it being alleged that the check was tendered in full payment, and that it was accepted and cashed by the plaintiff. With reference to this plea of the defendant, and immediately following the charge herein complained of, the trial judge charged the jury as follows: "I charge you that where a check is delivered by a debtor to a creditor for an amount less than the amount claimed to be due by the creditor on an unliquidated or disputed debt, and the creditor makes notations on the check or writes thereon what the check is in payment of, and the creditor accepts the check, endorses it, and collects and retains the money, the creditor is bound by the writing on the check. I charge you this is true even though the creditor alters, erases or strikes through the notations or wording on the check after receiving the same, where it is done without the consent of the debtor. And I charge you in that connection, that you members of the jury shall determine whether or not in fact and in truth any such consent is present in this case, from all the facts and circumstances of this case, including the conduct of the parties at all times relative to such matter. I charge you that a claim is unliquidated when there is a bona fide contention that the debtor is not liable for the full amount."

It thus appears that the court properly charged the jury on the plea of payment by the defendant. The defendant was not deprived of its plea of accord and satisfaction by the charge of the court relating to a distinct understanding, as contended, but on the contrary, the defendant was given the advantage of its plea of accord and satisfaction by appropriate instructions. The charge complained of was not unsound as an abstract principle of law.

It is strenuously argued by counsel for the defendant in their briefs filed in this court that the charge deprived the defendant of the defense of accord and satisfaction based upon an implied agreement. It is well settled in this State that a correct charge is not rendered erroneous solely because the trial judge did not at the same time and in connection therewith give in charge to the jury some other principle of law appropriate to the plead-

ings and the evidence. The charge complained of in this ground was not erroneous for any reason assigned.

3. In ground 2 of its amended motion for new trial the defendant excepted to the following extract from the charge of the court: "I charge you that you may consider any payment made, if any, after receipt of any such check in making your determination in all matters pertaining to an accord and satisfaction, and in determining whether in truth and in fact the defendant relied on such first check as a complete payment of all claims due the plaintiff. You have the right to consider a payment made after the payment of $3,500, if you find and such payment was made, in reaching a conclusion in your mind as to whether the defendant in good faith relied on the payment of the $3,500 as being payment in full for all claims asserted by the plaintiff."

It is insisted that the charge was error in that: (a) It was not sound as an abstract principle of law. (b) It was confusing for stated reasons. (c) It was misleading for stated reasons. (d) It was such harmful error as to require the grant of a new trial.

Counsel for the plaintiff argued in their original brief filed in this case, and in oral argument before the court, that the defendant had waived its defense of accord and satisfaction in recognizing the incorrectness of the remittance claimed as an accord and satisfaction by the payment of an additional amount on the indebtedness. In response to this argument by counsel for the plaintiff, counsel for the defendant in a supplemental brief state: "This supplemental brief will be devoted to the establishment of only three propositions: (1) The issue of accord and satisfaction was properly submitted to the jury because a verdict was not demanded for the plaintiff on this issue. . ." After citing authority, counsel subsequently make this statement in their brief: "This court held that the question of whether there had been an accord and satisfaction . . . was for the jury and not this court. This is exactly the defendant's position in the case now before the court." Later in the brief counsel for the defendant state: "The defendant does not take the position that there can never be a waiver or an abrogation of an

accord and satisfaction. The law is as shown above, that it is a question for the jury, under all the circumstances of a case whether the parties made a final and binding agreement of accord and satisfaction."

Generally, where the testimony is in conflict, as in this case, it is a question for the jury as to whether or not a contract has been altered by a subsequent agreement. *Cothran v. Brower*, 75 Ga. 494. It has been held by the Supreme Court of Minnesota that parties to an accord and satisfaction may by a subsequent agreement rescind the same and restore the debt to its original status. Heavenrich v. Steele, 57 Minn. 221 (58 NW 982). In the present case the contentions made by counsel for the defendant, as quoted from their supplemental brief, demonstrate that there was an issue under the evidence as to whether the defendant had waived its plea of accord and satisfaction by a subsequent payment, and the court properly submitted this issue to the jury.

4. In ground 3 of the amended motion for new trial error was assigned on the following extract from the charge of the court: "I charge you that if you believe from all of the evidence in this case that the plaintiff performed labor and furnished materials which were not covered by the written contract, if you find there was a contract, and if you further find that the defendant has not extinguished its obligation for payment thereof by accord and satisfaction in discharge of all of its indebtedness to the plaintiff, then the plaintiff would be entitled to recover the reasonable value of such labor and materials, including all costs or expenses incident or pertaining to such labor and materials. If you find there was a complete accord and satisfaction between the parties to this case as to all claims of indebtedness, then the plaintiff would not be entitled to recover any amount from this defendant." The defendant averred that this charge was erroneous, injurious, and not sound as an abstract principle of law. The language in the charge specifically excepted to was: "including all costs or expenses incident or pertaining to such labor and materials." It is contended that paragraph 7 of the original petition was stricken by amendment, and that the petition as thereafter amended did not authorize the words objected to by the defendant.

In paragraph 7, as amended, of the petition, after alleging the value of the materials purchased, and of what they consisted, it was alleged: "and which said materials, when fabricated into such exhaust and recirculating system duct work, and after application by plaintiff of its process of such fabrication *in its machine shop, by the use of its steel working machinery, welding processes, plant supervision and skilled mechanical labor* [italics ours] were and are of the reasonable value" in a stated amount, which amount is substantially less than that alleged in the original paragraph 7 stricken by the amendment. The charge excepted to in this ground was relevant both to the pleadings and the evidence and was not error.

5. In grounds 4 and 5 of the amended motion for new trial error was assigned upon the admission of certain testimony. In ground 4 the first objection was that it was irrelevant and immaterial, and later counsel stated, "We object to it further because there is no allegation in the petition as to any item of the buying of equipment." Whereupon the witness stated: "I explained that this equipment was not charged against the job." Whereupon counsel stated: "All right, then, Your Honor, it is irrelevant and immaterial and we object to it." Thereafter the only objection offered to any evidence as shown by grounds 4 and 5 was that the evidence was irrelevant and immaterial.

"The overruling of an objection to the admission of testimony on the ground that it is 'irrelevant and immaterial' is not reversible error." *Greyhound Corp. v. Clough,* 211 Ga. 574 (2) (87 SE2d 387), and citations. See also *Favors v. Johnson,* 79 Ga. 553 (4 SE 925); *Hogan v. Hogan,* 196 Ga. 822 (28 SE2d 74); *Manley v. Combs,* 197 Ga. 768 (9) (30 SE2d 485). Grounds 4 and 5 of the amended motion for new trial do not, therefore, show reversible error.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Mobley and Grice, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent from the ruling in division 2 of the opinion and the judgment of affirmance for the very same reason I did in *Sylvania Electric Products v. Electrical Wholesalers,* 198 Ga. 870 (33 SE2d 5), which dissent this court later adopted as its ruling in *Rivers v. Cole*

*Corporation,* 209 Ga. 406 (73 SE2d 196), in that it is not necessary for the claim or demand to be disputed or undisputed, or liquidated or unliquidated, under the interpretations of our statutory law (*Code* § 20-1204). As ruled in the *Rivers* case, no dispute is necessary, for when a creditor receives a less sum in satisfaction of a greater, which he accepts, the contract is executed, and he can not treat it as a nullity and recover the balance. The charge complained of is error, not only in that it fails to point out that the amount of the debt need not be in dispute or liquidated, but the charge is not authorized by the alleged evidence of an "express agreement" or "distinct understanding" which would allegedly make it a jury question as to whether or not there was such understanding as ruled by the majority. The offer of the check with the condition that it be in full satisfaction of the debt and the retention of the check and appropriation of its proceeds by the creditor constitute the contract. The creditor can not accept the check and repudiate the condition, and his acceptance automatically constitutes, as a matter of law, an executed accord and satisfaction. As I stated in my dissent in the *Sylvania* case, supra: "Had the creditor, while in the very act of appropriating the proceeds of the check, loudly declared his disagreement with the terms upon which the tender was made, and such declarations had been communicated to the debtor, under the controlling decisions of this court he would nevertheless and despite such declarations have been held as a matter of law to have agreed to all of the conditions attached to the tender." The law nowhere makes a distinction between the type of agreement essential to an accord and satisfaction of a disputed or unliquidated claim and the type of agreement necessary for the same purpose where the claim is liquidated. The acceptance of a conditional offer or tender within itself constitutes an agreement in contemplation of *Code* § 20-1204, and it was clearly error to instruct the jury that it was a question for the members thereof to determine whether or not there was a "distinct understanding between the parties" that any check was paid, received, and retained in full discharge of the alleged debt. The charge was erroneous, confusing, misleading, and not sound law, and the court committed harmful error re-

114

quiring the grant of a new trial in thus instructing the jury to find more than the law demands. I am authorized to state that Mr. Justice Grice concurs in this dissent.

MOBLEY, Justice, dissenting. I am of the opinion that the charge complained of in ground 1 of the amended motion for new trial was erroneous and was such harmful error as to require the grant of a new trial. I therefore dissent from the ruling made in division 2 of the opinion and the judgment of this court affirming the judgment of the trial court.