**In the Matter of McBRAYER ENTER-
PRISES, INC., Bankrupt.**

**Ann P. McBRAYER, Appellant,**

v.

**NATIONAL CITY BANK OF ROME,
Appellee.**

No. 74–1063
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 29, 1974.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Dudley B. Magruder, Jr., Rome, Ga., for appellant.

Clinton J. Morgan, Rome, Ga., for appellee.

James S. Kilpatrick, Rome, Ga., for Trustee.

Karl M. Kothe, Rome, Ga., for McBrayer, Bankrupt.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

When McBrayer Enterprises, Inc. borrowed $39,500 from the National City Bank of Rome, Georgia, a promissory note for the loan was secured by "assigned various stocks" registered in the name of Ann P. McBrayer, the appellant. Mrs. McBrayer assigned each stock certificate in blank. The note, representing that McBrayer Enterprises owned and had "full power and authority" to pledge the collateral, was endorsed by Mrs. McBrayer and her husband. He was the president of McBrayer Enterprises, and she was the secretary-treasurer; they were the principal stockholders. Before the note became due, McBrayer Enterprises initiated bankruptcy proceedings. The bank then filed a petition in the bankruptcy court for leave to sell the stocks and to apply the proceeds against the corporation's note. The appellant argued in response to the petition that the bank was not a secured creditor, because the stocks were owned personally by her and title had never passed to the corporation. The court held that Mrs. McBrayer would not be permitted to introduce parol evidence concerning matters surrounding the execution of the promissory note pledging the stocks as collateral, and ruled that the bank could sell the securities. We affirm.

The only question we address is whether under Georgia law the parol evidence rule [1] must, in this case, give way before one of its exceptions—that parol evidence is "admissible to explain all ambiguities, both latent and patent". Ga.Code Ann. § 38–502. The appellant argues that the phrase "various stocks" is patently ambiguous. She contends that reference must be made to evidence outside the note to determine exactly what stocks are meant to be included.

[1]. "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." Ga. Code Ann. § 38–501. See Dixie Belle Mills, Inc. v. Specialty Machine Co., 1961, 217 Ga. 104, 120 S.E.2d 771; Cleghorn v. Shields, 1927, 165 Ga. 362, 141 S.E. 55.

We agree that the phrase is ambiguous; but that ambiguity is not relevant here. There is no issue in this case concerning what securities are involved. The appellant may not force her way past the parol evidence rule by seizing upon a minor and immaterial ambiguity and extending it to other non-ambiguous provisions of the note. We find no ambiguity in the relevant provision of the note, that McBrayer Enterprises was pledging the stock as collateral.

Affirmed.