### 12494.  WINDER MANUFACTURING COMPANY *v.* PENDLETON COMPANY.

1. An answer to an offer will not amount to an acceptance, so as to result in a binding contract, unless it be unconditional and identical with the terms of the offer. If there be a variance between the offer and the answer, there is no acceptance, but a counter-offer, which, to result in a contract, must be accepted by the original proposer.

2. It being shown by undisputed evidence that the defendant made a proposal with a request for acceptance by telegram, and the plaintiff replied by telegram, but the reply was not an unqualified acceptance of the proposal, but contained substantially a new proposal as to the time when the goods ordered were to be delivered, this amounted in law to a rejection of the defendant's proposal, and the defendant, at its option, had the right so to construe it. A nonsuit was therefore properly awarded.

DECIDED OCTOBER 7, 1921.

Action on contract; from city court of Valdosta — Judge Crawley presiding. April 14, 1921.

On April 13, 1920, the defendant placed with the plaintiff two orders for goods, upon terms and conditions expressed in the orders. These orders were wired to the plaintiff by its salesman, with instructions to wire acceptance at once. The orders were that a stated portion of the goods should be shipped to the defendant by the plaintiff on September 1, 1920. The plaintiff's wired acceptance misinterpreted the time of shipment to be immediate. This misinterpretation was caused by no fault or fraud on the part of the defendant, but apparently by a negligent reading of the telegram of the plaintiff's own agent conveying to it the order of the defendant. This misinterpretation induced the defendant to believe that its orders as to the goods to be shipped the first of September were rejected by the plaintiff, who attempted a counter-proposition in the acceptance of the orders. This counter-proposition was not accepted by the defendant. On

the contrary, in a letter written to the plaintiff the defendant expressed a willingness to take the goods if shipped immediately, and asked for some definite statement as to whether or not they would be shipped promptly, and stated that in view of the misinterpretation of their original orders they had made other arrangements for fall goods. In reply the plaintiff wrote a letter, attempting to accept the original offer. There was no reply to this letter. Nevertheless, the plaintiff, on or about September 1, shipped to the defendant the goods ordered to be shipped on that date. They were rejected, and the plaintiff, relying upon the remedy provided in the last part of § 4131 of the Civil Code of 1910, paid the freight and demurrage charges on the goods, stored them in the city of Valdosta for the use of the defendant, and brought this suit for the entire purchase-price. The defendant, by its answer, admitted that goods of the grade and quantity designated by its orders were shipped at the time specified therein, but contended that it was not liable, on the ground that its orders had not been accepted by the plaintiff according to their terms and conditions, but that the plaintiff's acceptance by wire of the defendant's original orders was a material change of the terms of the orders in reference to the time when the goods ordered were to be shipped, and this misinterpretation was a rejection of the original order, and the defendant had so construed it and ordered the goods from elsewhere. The transactions were by letters and telegrams, and after their introduction a motion to nonsuit was sustained.

*G. A. Johns, Whitaker & Dukes,* for plaintiff.

*Walker, Small & Little,* for defendant.

HILL, J. (After stating the foregoing facts.) The evidence was not in conflict, and under its only reasonable construction a nonsuit was proper. When the plaintiff wired its acceptance of the offer which had been telegraphed to it by its salesman, in which telegram of acceptance it changed the time for delivery of the goods to immediate delivery, instead of the first of September following, this was such a material variance between the order and the acceptance as amounted in law to a rejection of the order and a counter-offer on the part of the plaintiff as to the time of delivery. The defendant had the right so to regard it, and any attempt to revive this order by the plaintiff could not

have been successful without the defendant's consent, which was never given. On the contrary, the defendant's construction of the plaintiff's telegram as being a rejection of its original order was distinctly stated by the defendant in its letter to the plaintiff on the subject. The entire correspondence by letters and telegrams, introduced in evidence, shows that there was no contract between the parties. " An attempted acceptance which seeks to modify one or more terms of the offer is of no legal effect as an acceptance. It is really a rejection of the offer, and a counter-proposition in lieu of the original offer, and must be accepted by the party making the original offer, in order to constitute an agreement." 1 Page on Contracts (1st ed.), 75, § 46. " An offer, when once rejected, loses its legal force and cannot be accepted thereafter so as to create a binding agreement unless it is renewed after the rejection by the original offerer. No revocation of the offer is, therefore, necessary to prevent its subsequent acceptance after it has once been rejected." Id. 66, § 37. " A proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer, and puts an end to the negotiation, unless the party who made the original offer renews it, or assent to the modification suggested." Minneapolis & St. Louis Ry. Co. *v.* Columbus Rolling Mill Co., 119 U. S. 149, 151 (7 Sup. Ct. 168, 169, 30 Law ed. 376-377). Here the facts show a proposition by the defendant, and an acceptance upon terms varying materially from this offer. This amounted to a rejection of the offer; and the negotiation was at an end, because the original party, who made the offer, made no attempt or effort to renew it, and did not assent to any modification suggested nor any attempt to renew the acceptance of the offer made to it by the plaintiff. See also *Monk* v. *McDaniel,* 116 *Ga.* 108; 113 (42 S. E. 360) ; Civil Code (1910), § 4230.

*Judgment affirmed. Jenkins, P. J., and Stephens J., concur.*