32705. DAVIS *v.* HOLLOWAY, administrator.

Decided March 10, 1950.

*Fulcher & Fulcher*, for plaintiff.

*Hammond, Kennedy & Sanders*, for defendant.

MacIntyre, P. J. The salient allegations of the petition are: The plaintiff and John H. Holloway had been engaged as partners in a business known as "Holloways." The plaintiff owned 40 percent interest in the business and Holloway owned 60 percent interest. On January 25, 1947, Holloway died. Holloway's death effected a dissolution of the partnership. Charles W. Holloway was appointed permanent administrator of the estate of John H. Holloway and on February 28, 1947, the plaintiff purchased Holloway's 60 percent undivided interest in the business from the estate and heirs of Holloway. The books of the partnership, which had been kept by Holloway, were then examined and they disclosed that Holloway had withdrawn from the partnership a considerable sum in excess of his 60 percent of the net earnings. Construing the petition most strongly against the pleader on demurrer, the petition shows that the partnership was dissolved upon the death of Holloway. Code, § 75-107. The plaintiff came into control of all of the assets of the partnership, including the books of the firm. Code, § 75-208. Without entering into a dissolution settlement, striking a balance between the partners, or auditing or examining the books, the plaintiff purchased from the estate and heirs of Holloway, the deceased partner's 60 percent undivided interest. The books were thereafter examined and found to contain certain errors, which, when corrected, showed that Holloway had withdrawn from the partnership a considerable sum of money in excess of 60 percent of the net earnings. These errors in the books are alleged to have occurred in carrying forward the drawing account balances of the two partners from year to year over a period of several years, beginning in 1941; and in Holloway's having used partnership funds in payment of his individual, personal notes, which he charged to the firm's investment account, all of which resulted in an overdraft of $3,729.61, or a

balance of that amount due to the plaintiff. The plaintiff's action is not one upon the contract of purchase and sale of the deceased partner's interest in the firm. The contract is not attached to the petition, nor is any of its terms set out therein. There is no allegation that the plaintiff entered into the contract of purchase and sale of the deceased partner's interest in the firm because of misrepresentation, fraud, or deceit, nor is there any prayer for rescission or reformation of the contract of purchase and sale of the deceased partner's interest. At best, it appears that the plaintiff has attempted to plant his action upon the theory of money had and received by the estate and heirs of the deceased partner which in equity and good conscience belongs to the plaintiff. Although a suit for money had and received is a legal action, it is founded upon the equitable principle that no one. ought unjustly to enrich himself at the expense of another, and thus it is a substitute for a suit in equity. *Bass* v. *Cates*, 74 *Ga. App.* 363, 370 (39 S. E. 2d, 550). If the plaintiff is to recover at all he must do so by showing that, as a result of the mistakes in the books, he was misled into paying too high a price to the estate and heirs of the deceased partner for that partner's interest, or that he would not have purchased at so high a price had he been aware of the mistakes in the books. It is nowhere alleged that the plaintiff relied upon the books as stating the true value of the deceased partner's interest, but let us assume that he did rely upon them for that purpose, there is no allegation that this reliance was induced by the legal representative or the deceased partner for that matter. There is not even an allegation that the plaintiff was unaware of the errors in the books, or that he endeavored in any way to determine the accuracy of the books before he purchased the deceased partner's interest. He chose to leap and then look. As surviving partner he had every opportunity to examine, audit, and correct the books; so far as the petition shows he did nothing. As we have said, the action for money had and received is a legal one in which equitable principles are applied. Equity will relieve for mistakes of fact, but equity does not relieve for ignorance, where the party complaining could have had knowledge of the truth by reasonable diligence. The slightest examination of the books would have revealed that the checks charged to

the investment account by the deceased partner were his personal payments for his personal indebtedness, and that the drawing account balances had been erroneously posted when brought forward at each year's end. Under all the allegations of the petition, we do not think that the plaintiff has shown that the defendant, the legal representative of the deceased partner's estate, received money which in equity and good conscience belongs to the plaintiff. See *Adler* v. *Adler,* 205 *Ga.* 818 (55 S. E. 2d, 139), and cases cited, and *Hargrove* v. *Bledsoe,* 78 *Ga. App.* 107 (50 S. E. 2d, 223), and cases cited. On the death of the partner an accounting could have been had, and doubtless should have been had, since the administration of the deceased partner's estate was involved. The factum of the partner's death would not alone give the plaintiff the right to sue the legal representative for the overdraft, until a balance had been struck and the fact of the indebtedness had been determined, or was such as could have been determined by the jury without the necessity of an accounting. No balance was struck showing such fact, and the deceased partner's estate became indebted to the plaintiff only after he had purchased that partner's interest. If he chose to guess at the true value of the deceased partner's interest, or rely upon the books without examination, and got less than the true value by virtue of the mistake in the books, he cannot now complain.

The petition did not set forth a cause of action and the court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*