**PEERLESS CASUALTY COMPANY,**
Appellant,

v.

**HOUSING AUTHORITY OF the City of HAZELHURST, Georgia,** Appellee.

No. 15684.

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1955.

Alex McLennan, Atlanta, Ga., Chas. L. Gowen, Brunswick, Ga., Harry S. McCowen, Atlanta, Ga., for appellant.

J. H. Highsmith, Baxley, Ga., Gordon Knox, Jr., Hazelhurst, Ga., E. Way Highsmith, Brunswick, Ga., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Peerless Casualty Company, is a New Hampshire corporation qualified to do and doing business in Georgia. We will sometimes refer to it as the surety. The appellee, Housing Authority of the City of Hazelhurst, Georgia, is a public body corporate under the laws of Georgia. We shall refer to it as the Authority. Jurisdiction is founded on diversity of citizenship.

The Authority invited bids for the construction of two housing projects. The invitation for bids contained the following provision:

"A certified check or bank draft, payable to the Housing Authority of the City of Hazelhurst, Georgia, U. S. Government Bonds, or a satisfactory bid bond executed by the bidder and acceptable sureties in an amount equal to five per cent (5%) of the bid shall be submitted with each bid".

The invitation also provided that:

"No bid shall be withdrawn for a period of thirty (30) days subsequent to the opening of bids without the written consent of the Housing Authority of the City of Hazelhurst, Georgia."

In the invitation for bids the Authority reserved the right to reject any and all bids. There was nothing in the invitation for bids that indicated that the Authority might make a conditional acceptance of the bid.

H. W. Ivey submitted a bid of $463,733. The bid recited an understanding that the Authority reserved the right to reject all bids. Nothing in the bid either gave or recognized a right of the Authority to make a conditional acceptance of the bid. Ivey submitted with his bid a bid bond in the amount of $23,186.65, executed by Ivey as principal and the appellant as surety. The bond was conditioned upon the principal not withdrawing his bid within sixty days after the opening of bids, and upon the principal entering into a contract if he was the successful bidder. The bond provided that "in the event of the withdrawal of said bid within the period specified, or the failure to enter into such contract and give such [performance and payment] bond within the time specified * * * the principal shall pay the Local Authority the difference between the amount specified in said bid and the amount for which the Local Authority may procure the required work * * *."

The bids were opened and Ivey's bid was low. The next bid was that of A. B. Newton Construction Company in the amount of $478,000. On December 16, 1952, the Commissioners of the Authority adopted a motion to award the contract to Ivey, "the apparent low bidder, subject to the approval of the Public Housing Administration." A representative of Ivey was present when the bids were opened and we may infer that he remained present until the motion was adopted. That night Ivey found an error in the computation on which his bid was based in that subcontract bids aggregating $34,022 were not carried into or reckoned as a part of the bid figure. On the following day, December 17, 1952, Ivey sent the Authority a telegram, which was confirmed by letter, advising it of the error and withdrawing his bid. On January 5, 1953, the Public Housing Administration approved the acceptance of the Ivey bid and on January 7, 1953, the Authority tendered Ivey a written contract in the amount of his bid. Ivey declined to execute the contract. The Authority then made a contract with the next low bidder, A. B. Newton Construction Company, for $478,000, the amount of its original bid. This action was brought by the Authority against the surety for $14,267, the difference between the contract price and the Ivey bid.

The testimony being completed, both parties moved for a directed verdict and the District Judge heard extended argument of counsel, of which some is and some is not in the record. Upon the conclusion of the argument the court stated:

"Well, I tell you what I am going to do. I think it is a very very close question. It isn't an open and shut case by any means. It is a close case. But this man gave the bond, and this bond says that it is to be effective in the event the bid is withdrawn. Now, he withdrew his bid. Whatever reason it was, he withdrew it. I am going to hold for the plaintiff in this case and you can bring the jury in and I will direct a verdict for the plaintiff."

Both parties take the position that the law of Georgia fixes the rights and determines the liabilities of the parties, and we agree that this is so.

In the case before us Ivey had made an offer by submitting a bid. The Authority accepted the offer. Its acceptance was not unqualified, but was subject to the approval of the Public Housing Administration.

It is an elementary rule of the common law of contracts that an offer may be withdrawn at any time before it is accepted. Unless the acceptance is unconditional and without variance from the offer it is of no legal effect as an acceptance and operates as a rejection and a counteroffer. Winder

Mfg. Co. v. A. S. Pendleton Co., 27 Ga. App. 476, 108 S.E. 823; 1 Williston on Contracts, Rev.Ed. 222, § 77. The condition, annexed by the Authority to its attempted acceptance, that it was subject to the approval of the Public Housing Administration, was not one that changed the terms of the offer but merely deferred the time when the acceptance should take effect. As pointed out by Professor Williston:

"A nice distinction may be taken here between (1) a so-called acceptance by which the acceptor agrees to become immediately bound on a condition not named in the offer, and (2) an acceptance which adopts unequivocally the terms of the offer but states that it will not be effective until a certain contingency happens or fails to happen. In the first case there is a counter-offer and rejection of the original offer; in the second case there is no counter-offer, since there is no assent to enter into an immediate bargain. There is, so to speak, an acceptance in escrow, which is not to take effect until the future. In the meantime, of course, neither party is bound and either may withdraw." 1 Williston on Contracts, Rev.Ed. 226, § 77A.

The withdrawal of the offer represented by the bid on December 17, 1952, prevented the attempted acceptance on January 7, 1953, from creating a contract, but this does not of itself answer the question as to whether such withdrawal was or could be so made as to avoid liability of Ivey and his surety, the appellant, upon the bid bond.

The appellee Housing Authority brings to our attention the Georgia statutory provisions that:

"In all cases of a mistake of fact material to the contract or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve". Ga.Code, § 37-206.

and

"If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve." Ga.Code, § 37-211.

The Authority cites cases from the courts of Georgia where parties to contracts were, under the particular facts of the several cases, denied relief from mistakes caused by carelessness, ignorance or lack of diligence. Davis v. Holloway, 81 Ga.App. 158, 58 S.E.2d 234; Adler v. Leopold Adler Co., 205 Ga. 818, 55 S.E.2d 139; Central of Georgia R. Co. v. Gortatowsky, 123 Ga. 366, 51 S.E. 469; Keith v. Brewster, 114 Ga. 176, 39 S.E. 850; McCullough v. Kirby, 204 Ga. 738, 51 S.E.2d 812; Alexander v. Herring, 54 Ga. 200; Prince v. Friedman, 202 Ga. 136, 42 S.E. 2d 434. In none of the cited cases is there a factual situation comparable with that out of which this controversy arises. .None of the foregoing decisions provide a precedent which furnishes us with a rule of decision.

■ The undertaking of the appellant was that of a surety. Ga.Code § 103–101. It is provided by statute in Georgia that "The obligation of the surety is accessory to that of his principal, and if the latter from any cause becomes extinct, the former shall cease of course, even though it is in judgment". Ga.Code, § 103–102. At the outset we start with the premise that unless there was liability of Ivey, the contractor and principal on the bond, there would be no liability of the appellant surety. Such is the quoted Georgia Code provision and such was the common law. Phillips v. Solomon, 42 Ga. 192; Schwitzerlet-Seigler Co. v. Citizens, etc., Bank, 155 Ga. 740, 118 S.E. 365.

■ Although the cases are difficult to reconcile, there is substantial authority for the rule that where there is some reasonable excuse for an error made in calculating the bid, and the party receiving the bid knows of the mistake at the time the bid is accepted, the contractor may have it rescinded in equity. 9

Am.Jur. 7, Building & Const. Cont., § 5. This rule has been adopted by the Court of Appeals of Georgia. State Highway Department of Georgia v. MacDougald Const. Co., 54 Ga.App. 310, 187 S.E. 734, 735. Having invoked Federal jurisdiction the Authority can hardly complain that equitable rights may not be interposed as defenses under the Federal Rules of Civil Procedure, 28 U.S. C.A.

The opinion in State Highway Department of Georgia v. MacDougald Const. Co., supra, discloses a factual situation very similar to the case here considered. There the State Highway Department requested bids for the construction of a Federal Aid Highway. Sealed bids were submitted by MacDougald Construction Company and others. MacDougald Construction Company was the low bidder. On the day the bids were opened it was publicly announced by the State Highway Engineer, in the presence of the State Highway Board, that the contract for the construction of the work was awarded to MacDougald Construction Company "subject to the approval of the Bureau of Public Roads" and such award, subject to the approval of the Bureau of Public Roads, was entered on the minutes of the State Highway Board. Thereafter, by reason of an error with respect to the cost of gravel to be used in the work, MacDougald Construction Company withdrew its bid. The awarding of the contract had not then been approved by the Bureau of Public Roads. Subsequent to MacDougald's withdrawal of its bid, the awarding of the contract was approved by the Bureau of Public Roads. The State Highway Department tendered MacDougald a contract which MacDougald refused to execute. In connection with its bid MacDougald had deposited with the State Highway Board a certified check for $8,500.00 and agreed "that in case of my failure to execute a contract and furnish [performance] bond within fifteen days after notice of award, the amount of this check will be forfeited to the State as liquidated damages arising out of my failure to execute a contract as proposed." The State Highway Department cashed the check and refused to reimburse MacDougald. MacDougald brought suit to recover the amount deposited.

The Court of Appeals of Georgia held that the petition of MacDougald alleging the foregoing facts stated a cause of action. The Court said:

"A mere submission to another of an offer or proposed terms of a contract creates no legal obligation against the offerer until there is an acceptance, unless the offer is supported by a valuable consideration, so as to constitute an option binding upon him. Where there is no such consideration, the offerer may revoke or withdraw the offer at any time before its acceptance, even though by the very terms of the proposal the offeree is allowed a certain number of days for its acceptance or refusal. [Citing authorities.] Accordingly, where the offerer accompanies his offer with a sum of money or certified check, to be retained by the offeree as liquidated damages in the event that the offeree should accept the offer and tender a formal contract to the offerer and the offerer should refuse to execute the same, the offeree is not entitled to retain the money, if the offer is withdrawn before its acceptance, and the making of the offer and delivery of the money on such condition are not supported by any valuable consideration to the offerer. Under the averments of the instant petition against the State Highway Department, by a bidder on a highway construction project, for a return of the proceeds of an $8,500 certified check, which it was agreed would be 'forfeited to the State as liquidated damages arising out of my failure to execute a contract as proposed,' the facts alleged and legal questions involved are essentially the same as in Tobey

v. Seaboard & Southern Const. Co., 169 Ga. 104, 149 S.E. 914, and this case is controlled by that decision, adversely to the contentions of the highway department. There, as in, the instant case, the check 'was to be forfeited as liquidated damages if the bid was accepted and the construction company failed to make the contract and supply the bond as specified'; the bid and delivery of the check were not supported by any valuable consideration to the construction company; and therefore the bid being a mere proposal and not a binding option and being withdrawn before its acceptance, it was held that there was no enforceable contract such as would preclude a recovery by the company of its deposit. * * *, the holding is abundantly sustained by the authorities cited and is controlling in this case. Accordingly, the court did not err in overruling the demurrers to the petition as amended."

In its efforts to distinguish the MacDougald case the Authority contends, and we think such contention was the basis of the District Court's decision, that the present action is against the surety, not the contractor, upon the bid bond, not the bid; and that the action is upon a sealed instrument, a specialty, where consideration is presumed and need not be proved. Ga.Code §§ 20–104, 20–301. The Authority also calls attention to the notation on the bond of the payment to the surety of a bond premium of $5.00. The view we take of the case is such as makes unnecessary any consideration of the necessity for or adequacy of a consideration paid by the contractor to its surety, the appellant.

■ The United States Circuit Court for the Southern District of Georgia, succinctly said, "Where two instruments are executed at the same time, between the same parties, relative to the same subject-matter, they are to be taken in connection as forming together the several parts of one agreement." Woodward v. Jewell, 25 F. 689, 690, reversed on other grounds 140 U.S. 247, 11 S.Ct. 784, 35 L.Ed. 478. The rule of Woodward v. Jewell was announced at an early date by the Supreme Court of the United States. Bailey v. Hannibal and St. Joseph Railroad Co., 17 Wall. 96, 84 U.S. 96, 21 L.Ed. 611. The rule has been held to cover construction contracts and related contractors' bonds by the Court of Appeals of Georgia. McArthur v. McGilvray, 1 Ga.App. 643, 57 S.E. 1058. We do not extend the doctrine by applying it to a contractor's bid and the accompanying bid bond.

■ As in the MacDougald case, there was not here any valuable consideration to Ivey, the bidder and the principal on the bond. So under the MacDougald case, reading the bid and the bid bond together, we can see no liability on the bond against the principal Ivey and absent any liability of the principal there is not, as we have noted, any liability of the surety. In holding otherwise the District Court erred.

Our reversal of the trial court is made without reluctance because of our feeling that an affirmance would result in an unjust enrichment of the appellee Housing Authority. The withdrawal of the bid before acceptance and the letting of the contract to the bidder who, but for the Ivey bid, was the low bidder, resulted in no injury to the Authority. An affirmance would impose upon Ivey or his surety a liability which would have been avoided by the deposit of cash rather than the giving of a bond.

Both appellant and appellee moved for a directed verdict. Appellant's motion, rather than that of appellee, should have been granted. The judgment of the District Court is reversed with a direction to enter judgment for the appellant.

Reversed.