THOMPSON *v.* ARRINGTON.

CANDLER, Justice. Arrington sued Thompson, alleging in brief: that the defendant agreed in writing, on December 12, 1950, to convey to him by warranty deed, free of liens and encumbrances, certain described realty in Worth County, Georgia, upon the payment to him of $11,000 by midnight on January 10, 1951; that $100 was paid when the option was given, and an actual tender of the balance was duly made on January 4, 1951; that the agreed price of $11,000 was the fair, just, and reasonable value of the property involved; that the defendant, for no sufficient legal reason, refused to comply with the terms of his contract; and that a continuing tender of the agreed purchase-price balance was made. The plaintiff attached to his petition a copy of

the option, and prayed for a decree of specific performance. The petition was not demurred to. The defendant, by his answer as amended, admitted execution and delivery of the option, payment of $100 thereon, actual tender of the agreed balance during the option period, and did not deny the alleged value of the optioned property; but, further answering the petition, averred that he had, prior to his written agreement with the plaintiff, entered into a verbal cropper's contract with one Thomas for the cultivation of the subject land for the year 1951; that the plaintiff, prior to the date of the option, knew of that contract and of its terms, and orally agreed to assume and comply with the defendant's obligations thereunder; that the plaintiff, after taking the option and during the option period, advised him (the defendant) that he would not comply with and carry out his oral contract with Thomas; and that he, for that reason, declined and refused to accept from the plaintiff the tendered balance of the agreed purchase price, and, for the same reason, declined and refused to convey to him the optioned premises. The plaintiff timely moved to strike the answer as amended on the grounds, among others, that it set forth no valid defense; that it sought by parol to add to and vary the terms of a complete and unambiguous written contract; and that it sought by parol to engraft upon a written contract additional terms and obligations. The motion to strike the answer as amended was sustained. The defendant, in due time, filed exceptions pendente lite, upon which error is assigned in the bill of exceptions. On the trial, the plaintiff proved the allegations of his petition by competent evidence, and the court directed a verdict in his favor. A motion for new trial, based only on the usual general grounds, was overruled, and to that judgment the defendant also excepted. *Held:*

1. Where, as here, a written contract for the sale of land is clear, distinct and definite, fair and just, for an adequate consideration, and capable of being performed, equity will, on application therefor, decree specific performance of it. *Studer* v. *Seyer,* 69 *Ga.* 125, 126; *Coleman* v. *Woodland Hills Co.,* 196 *Ga.* 626 (27 S. E. 2d, 226); *Jenkins* v. *Evans,* 202 *Ga.* 423 (43 S. E. 2d, 501); *Mangum* v. *Jones,* 205 *Ga.* 661 (54 S. E. 2d, 603); *Finney* v. *Blalock,* 206 *Ga.* 655 (58 S. E. 2d, 429); *Ogletree* v. *Ingram & LeGrand Lumber Co.,* 207 *Ga.* 333 (61 S. E. 2d, 480).

2. There is no merit in the contention that the court erred in striking the defendant's answer as amended. Where parties reduce their agreement to writing, as the parties to this litigation did, all oral negotiations antecedent thereto or contemporaneous therewith are merged into, terminated and extinguished by the writing, and it is not permissible to prove a prior or contemporaneous parol agreement which has the effect of varying the terms of the written contract. Code, § 38-501; *Arnold* v. *Malsby,* 120 *Ga.* 586 (48 S. E. 132); *Loftis* v. *Clay,* 164 *Ga.* 845 (139 S. E. 668); *Taylor* v. *Board of Trustees of Glenlock Public School,* 185 *Ga.* 61 (194 S. E. 169); *Cottle* v. *Tomlinson,* 192 *Ga.* 704 (16 S. E. 2d, 555); *Thompson* v. *Riggs,* 193 *Ga.* 632 (19 S. E. 2d, 299). "The rule, which permits parol proof in case of apparent incompleteness in written statements of the obligations of the parties, denies parol proof, variant from the written terms, which imposes additional and other terms dependent upon a prior or contemporaneous parol agree-

ment." *LaGrange Female College* v. *Cary,* 168 *Ga.* 291 (147 S. E. 390). And since equity is ancillary, not antagonistic, to the law, it follows an applicable rule of law. Code, § 37-103. Here, and as his sole defense, the defendant's amended answer avers that the plaintiff should be denied the relief sought because he failed to comply with an oral agreement entered into between the parties antecedent to and inconsistent with their written contract. Such being the case, the court properly concluded that the amended answer set up no valid defense. And *Langenback* v. *Mays,* 205 *Ga.* 706 (54 S. E. 2d, 401), cited and relied upon by the plaintiff in error, is not in conflict with the ruling here made. There Mays and his wife sold and conveyed to Langenback and his wife certain realty, on which there were several tourist cabins. At that time Mays and his wife owned another tract adjacent to the tourist-camp property and, as a part of their trade, they orally agreed with their purchasers not to use their remaining adjacent acreage for competitive tourist-camp purposes. Subsequently, Mr. and Mrs. Mays constructed and began operating a tourist camp on their adjacent land in competition with the tourist-camp business of Mr. and Mrs. Langenback. The Langenbacks sought injunctive relief, and Mays and his wife defended on the theory that the oral agreement was not binding on them because it had merged with and was terminated by the written contract—their deed. It was held by this court that the oral contract, being collateral to, distinct from, and not inconsistent with the written contract, but independent of it, was enforceable in equity; in other words, that there was no merger, as contended, of the two separate, distinct, and consistent contracts, though entered into contemporaneously. In this case, the antecedent oral agreement was inconsistent with the terms of the subsequent written contract; it was not independent of it, and a merger of the former with the latter resulted.

3. A verdict for the plaintiff was demanded by the evidence; accordingly, the general grounds of the motion for new trial are not meritorious.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Almand, J., not participating.*

No. 17946. ARGUED JULY 14, 1952—DECIDED SEPTEMBER 2, 1952.

*Robert R. Forrester, Ford & Houston* and *W. C. Smith,* for plaintiff in error.

*Robert B. Williamson* and *William H. Riddlespurger,* contra.