40920. KING et al. v. SIMMONS.

Decided September 29, 1964—Rehearing denied October 15, 1964.

*Shelby Myrick,* for plaintiffs in error.

*Lewis & Javetz, Jack H. Usher,* contra.

EBERHARDT, Judge. This case was tried once before, resulting in a verdict for the plaintiff, and the defendant obtained a review in this court of the overruling of his motion for new trial, as amended. See *A. F. King & Son v. Simmons,* 107 Ga. App. 628 (131 SE2d 214). We have reviewed carefully the evidence in the record of that case and that in the present record and find no substantial difference. Accordingly, the ruling made on the prior appearance in considering the general grounds of the motion for new trial that "The evidence in this case did not demand a verdict for either party," is the law of the case, *Greenwold Grift Co. v. Durham,* 191 Ga. 586 (1) (13 SE2d 346), *R. O. A. Motors, Inc. v. Taylor,* 220 Ga. 122 (1) (137 SE2d 459), and it must follow that on substantially the same evidence it was not error to overrule the motion for judgment notwithstanding the verdict.

Moreover, it was held in the former appeal that "[I]t was for the jury's determination in this case as to whether the ladder furnished the plaintiff was defective, whether the defendant employer in the exercise of ordinary care should have inspected the ladder or cautioned the plaintiff to inspect the ladder before using the same and whether by the exercise of due diligence in inspecting the ladder the defective condition of the same could have been discovered. . ." 107 Ga. App. 628, at p. 633.

While there is ample evidence in the present record to have authorized a finding that the servant had equal means with the master of knowing the condition of the ladder, yet the above questions which have been held, under the evidence, to be questions for the jury, must have been resolved to make that deter-

mination, and the jury has resolved them against the master. In the light of the rulings made on the prior appeal, now the law of the case, there was no error in overruling the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*