44484. GOODYEAR TIRE & RUBBER COMPANY, INC. v. JOHNSON.

396

ARGUED JUNE 2, 1969—DECIDED SEPTEMBER 3, 1969—
REHEARING DENIED SEPTEMBER 29, 1969.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.
*George B. Rushing, Fulcher, Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellee.

QUILLIAN, Judge. ■ On the prior appearance of this case the Court of Appeals held that the evidence did not demand a verdict. *Goodyear Tire & Rubber Co. v. Johnson,* 117 Ga. App. 278 (160 SE2d 211). Counsel for the appellant concedes that the evidence in the second trial "was almost identical" to the evidence on the first trial. We examined the record when this case was previously before the court and have determined that

the evidence as to all material aspects is virtually equivalent to that adduced in the present record.

When this court in considering a motion for new trial after the first trial of a case held that the evidence did not demand a verdict for either party, the ruling is the law of the case. *King v. Simmons,* 110 Ga. App. 494 (138 SE2d 919); *Code Ann.* § 81A-160 (h) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240). Hence, it was not error to overrule the general grounds of the motion for new trial and the first two enumerations of error are without merit.

2. Grounds 3, 4 and 5 of the enumeration of errors complain of the admission of certain testimony given by three different witnesses. In each case substantially the same evidence was admitted without objection in testimony by other witnesses or elicited on cross examination of the same witness. In such circumstances the rule is applicable that the allowance of evidence, even though erroneous as contended, does not require reversal of the judgment complained of where testimony substantially to the same effect is adduced or where counsel on cross examination of the witness and with full knowledge of the character of the evidence to be expected elicited testimony comparable in import to that to which objection was made. *General Gas Corp. v. Whitner,* 110 Ga. App. 878 (5) (140 SE2d 227); *Rabun v. Wynn,* 209 Ga. 80, 83 (70 SE2d 745); *Chatham Amusement Co. v. Perry,* 216 Ga. 445, 449 (117 SE2d 320).

3. Ground 6 of the enumeration of errors asserts that the trial judge erred in giving the following charge: "I charge you that in an action for damages, dependent upon a tort, the liability of each and every tortfeasor is several, though the tortious act was one in which all may have participated and injured party may recover against one only slightly concerned in the wrongful act for the greatest injury which may have been inflicted by most guilty of the tortfeasors. Where a single injury results from the concurrent negligence of two persons or corporations they are joint tortfeasors and they may be sued jointly or severally, that is separately. Recovery may be had against either one or both of the tortfeasors. In such cases the concurring negligence of the one who is not sued is no excuse or de-

fense of the other if he is otherwise liable." Objection was proffered to the charge on the grounds that it was taken out of context, was dicta, and was not the law of the State.

Although on appeal the appellant urged additional grounds of objection to a charge, review of a charge enumerated as error is restricted, under Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078) strictly to the ground of objection stated on the trial. *Palmer v. Stevens*, 115 Ga. App. 398 (14) (154 SE2d 803), and *City of Macon v. Smith*, 117 Ga. App. 363, 377 (160 SE2d 622). The instant charge was a correct statement of the law of Georgia (see *Wall v. Wall*, 176 Ga. 757, 759 (168 SE 893); *Akin v. Randolph Motors*, 95 Ga. App. 841 (99 SE2d 358); *Davidson v. Collier*, 104 Ga. App. 546, 550 (122 SE2d 465)), and was not subject to the objections urged against it.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*