63705, 63706. CRAMER v. COASTAL STATES LIFE
INSURANCE COMPANY; and vice versa.

SHULMAN, Presiding Judge.

Appellant/cross-appellee Cramer was employed by Universal Guaranty Life Insurance Company, a wholly-owned subsidiary of appellee/cross-appellant Coastal States Life Insurance Company from December 1970 to September 1973. On September 17, 1973, appellant entered into an employment contract with appellee. He resigned from that position on June 16, 1976. Subsequently, appellant filed this lawsuit alleging, inter alia, that appellee had breached the Cramer-Coastal States employment contract and had tortiously converted money purportedly due appellant as commissions. In a counterclaim, appellee contended that appellant owed appellee an amount in excess of that owed appellant by appellee and sought an award of the difference. The trial court's grant of appellee's motion for a directed verdict on the breach of contract and conversion counts of appellant's complaint forms the basis of Cramer's appeal (No. 63705). The trial court's failure to direct a verdict for appellee on its counterclaim, and the subsequent entry of judgment for appellant based on the jury verdict on the counterclaim, have caused Coastal States to file a cross appeal (No. 63706). We affirm the judgment entered in No. 63705 and reverse the judgment in No. 63706.

1. The breach of contract count is based on the premise that appellant was an employee of Coastal States while employed by its subsidiary, Universal Guaranty, and is therefore entitled to the additional commissions which reward such an extended length of service. However, appellant presented no evidence to support his assertion. There is nothing in the Cramer-Coastal States contract which provides that service with a Coastal States subsidiary is tantamount to employment with Coastal States, and it is impossible to determine whether such an expectation could arise out of Cramer's

contract with Universal Guaranty, since that contract was never introduced into evidence at trial. In point of fact, the Cramer-Coastal States contract refers to appellee as "the Company," and the contractual paragraph which embodies the length of service/commission renewal relationship requires active and continuous connection with "the Company."

Contrary to appellant's assertion, his testimony regarding representations purportedly made by officers of appellee and allegedly relied upon by appellant when he changed employment was not enough to defeat appellee's motion for a directed verdict. "Where parties reduce their agreement to writing, as the parties to this litigation did, all oral negotiations antecedent thereto or contemporaneous therewith are merged into, terminated and extinguished by the writing, and it is not permissible to prove a prior or contemporaneous parol agreement which has the effect of varying the terms of the written contract. Code [Ann.] § 38-501. [Cits.]" *Thompson v. Arrington,* 209 Ga. 343 (2) (72 SE2d 293). Additionally, evidence concerning appellee's employment practices vis-a-vis other employees was irrelevant in light of testimony that each Coastal States employee had an employment contract which was the result of individualized negotiations between the employee and Coastal States.

2. In the second count of his complaint, appellant accused Coastal States of tortiously converting to its own use funds from appellant's reserve account with Universal Guaranty. "Any act of dominion wrongfully asserted over another's personal property — which is in denial of his property rights, or inconsistent with them, is a conversion. [Cits.]" *Pelletier v. Schultz,* 157 Ga. App. 64 (3a) (276 SE2d 118). Inasmuch as the Cramer-Coastal States contract provided that "[t]he Company may at any time deduct from any moneys due to the General Agent under this contract, or from any other source, any debts due at any time from the General Agent to the Company . . .," Coastal States did not wrongfully assert an act of dominion over the funds in dispute. Thus, appellant could not and did not prove a conversion, and the trial court properly granted appellee's motion for a directed verdict on that count.

3. Through the uncontradicted testimony of its bookkeeper, Coastal States established that cross-appellee Cramer was entitled to $5,125.09 in undisputed commissions. Cramer testified that, at the time of his resignation, he owed Coastal States approximately $8,000, a debt he admitted he had not repaid. Cross-appellant's bookkeeper confirmed that Cramer presently owed Coastal States $10,473.69. The simple mathematics of this uncontradicted testimony results in the conclusion that cross-appellee Cramer is indebted to Coastal

States in the amount of $5,348.60. Inasmuch as there was no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demanded a verdict for cross-appellant Coastal States on its counterclaim, the trial court erred when it failed to direct that verdict. Code Ann. § 81A-150 (a). Furthermore, since the evidence was insufficient to support the jury's verdict in favor of cross-appellee Cramer on the counterclaim, it was error to enter judgment on that verdict.

*Judgment affirmed in Case No. 63705; reversed in Case No. 63706. Quillian, C. J., and Carley, J., concur.*

DECIDED JUNE 9, 1982.

*William D. Smith,* for appellant.
*George B. Haley, Kevin B. Buice,* for appellee.