A96A1811. SHIVERS v. WEBSTER et al.
(480 SE2d 304)

RUFFIN, Judge.

John G. Shivers and Lee Webster, Jr. filed two separate specific performance actions to require John W. Walker, Jr. and Louise P. Walker, as executors of the estate of Marion N. Walker, to sell each of them the same 1,200-acre tract of land. Webster sought to enforce an alleged verbal right of first refusal to purchase the land, and Shivers sought to enforce a subsequent written option to purchase the land. The cases were consolidated, and a jury returned a general verdict in favor of Webster. Shivers appeals this verdict, and, for reasons which follow, we affirm.

The record shows that Webster and his family had leased the 1,200-acre farm owned by Marion Walker for over 30 years. John Walker, Sr. ("Walker") was married to Marion Walker, who had given him power of attorney to handle her affairs, including the right to sell the 1,200-acre farm. In the winter of 1988, Walker gave Webster a verbal right of first refusal to purchase the property in the event it was sold. Webster subsequently made valuable improvements to the property and remained in possession of the property. Walker and Webster discussed the right of first refusal repeatedly over the years, and Walker restated it in 1993. Webster admitted the right of first refusal was of unspecified duration, without specific terms, and without any consideration.

On August 25, 1993, John Walker signed a real estate listing agreement for the property with Ann Harden. Walker testified that he repeatedly discussed Webster's right of first refusal with Harden and wrote the following sentence on his copy of the listing agreement at Harden's office and in her presence: "It's understood that Lee Webster has first refusal on this property." The original listing agreement did not contain this sentence.

Shivers testified that on August 27, 1993, he signed an option to purchase the property and gave $1,000 to Ann Harden. Walker admitted that his signature is on Shivers' option agreement. He testified, however, that he did not recall reading or signing the option. According to Walker, he met with Harden and Shivers and informed Shivers that Webster had the right of first refusal.

Shivers denied that he was informed of Webster's right of first refusal and testified that the only thing discussed during his meeting with Harden and Walker was the termination of the farm lease. Shivers' written option did not disclose Webster's right of first refusal, but contained a merger clause providing that neither party was liable for any agreements not included in the option. According to Shivers, Walker subsequently signed a second written agreement on August 30, 1993, extending the option period for an additional 30 days. This agreement likewise did not disclose any right of first refusal.

Walker testified that on the recommendation of Ann Harden and her husband, who was an attorney, he wrote Webster on August 30, 1993. The letter confirmed Webster's right of first refusal and provided him with instructions regarding how to exercise the right. According to the letter, Webster had until September 10, 1993, to advise Walker if he wished to purchase the property. According to Walker, Ann Harden's secretary, whose name was Owens, wrote and typed the letter to Webster, which was approved by Ann and Doc Harden. The letter, dated August 30, 1993, contains the notation "JWW:ro" on the bottom. At trial, however, Doc Harden testified that he did not see the letter, and Ann Harden did not testify.

After receiving the August 30, 1993 letter, Webster met with Walker on September 4, 1993, and gave him a $5,000 check as downpayment on the property. Webster and Walker subsequently selected a closing attorney and agreed to close the sale by the end of the week. Webster checked the courthouse records and found that title was clear. He also attempted to record the August 30, 1993 letter from Walker, but could not because it was not notarized. On September 10, 1993, Webster secured a $250,000 cashier's check to bring to the closing, which was scheduled for the following Monday. On Sunday, however, Webster was contacted regarding a problem with the closing, and he discovered on Monday that an option had been filed by Shivers on September 9, 1993, and that his purchase could not be closed. Webster tendered the $250,000 cashier's check to Walker, but the tender was not accepted. Webster testified he had no prior knowledge of any dealings between Walker and Shivers.

Subsequently, Shivers informed Walker by letter dated September 13, 1993, of his intent to exercise the written option and scheduled a closing. On September 28, 1993, Shivers tendered the $500,000 purchase price to Walker's attorney, but Walker refused to

convey the warranty deed.

Both Webster and Shivers filed complaints for specific performance, which were consolidated. Shivers appeals from a jury verdict in Webster's favor.

1. We note intitially that Shivers has violated Court of Appeals Rule 27 (c) (1) by combining his first ten enumerations into a single argument. "Accordingly, we shall consider the enumerations en masse, as treated by [Shivers]. Any enumeration not so treated in this opinion is deemed abandoned by [Shivers]. [Cit.]" *McMullan v. Georgia Girl Fashions*, 180 Ga. App. 228, 229 (2) (348 SE2d 748) (1986).

According to Shivers, the overriding issue presented by his first ten enumerations is whether "the trial court erred in denying [his] motion in limine which sought to exclude evidence which added to and contradicted two valid written contracts which are at the heart of this controversy." This statement, however, mischaracterizes the real issue in the case: whether a prior oral contract for right of first refusal entitles a party to specific performance in the presence of a subsequent written contract for sale of land.

This case involves more than just a parol evidence question. It involves two different parties with two different contracts. Shivers sought to exclude as parol evidence Walker's testimony that Walker informed Shivers of Webster's right of first refusal, as well as Walker's copy of the listing agreement on which he wrote that Webster had a right of first refusal. This evidence, however, was admissible not to vary the terms of the contract between Shivers and Walker, but to show what knowledge, if any, Shivers had of Webster's rights. "Questions of the relevancy of evidence are for the court. [Cit.] When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them. [Cits.]" *Ackerman/Adair Realty Co. v. Coppedge*, 155 Ga. App. 903, 907 (2) (273 SE2d 645) (1980). Furthermore, evidence inadmissible for one purpose may be relevant and admissible for another purpose. *Gordon v. Gordon*, 133 Ga. App. 520, 521 (1) (211 SE2d 374) (1974). Here, the evidence was admissible on the issue of Shivers' knowledge. The jury could then decide whether Shivers knew about Webster's claim or whether Shivers was put on notice and had a duty to further inquire into Webster's claim.

While Shivers attempts to attack the validity of Webster's oral contract, it is clear that specific performance of this parol contract can be decreed because Walker admitted the contract. OCGA § 23-2-131 (a). Shivers further argues that the merger clause in his written contract controls the case. As between Walker and Shivers, this may

be true. However, Webster was not a party to this contract and is not bound by the terms of the agreement between Walker and Shivers. Webster seeks specific performance of his contract and shows that a jury could conclude from the evidence that Shivers had notice of Webster's agreement with Walker.

*Thompson v. Arrington*, 209 Ga. 343 (72 SE2d 293) (1952), cited by Shivers as controlling authority, is distinguishable. The question in *Thompson* was whether an antecedent parol agreement between the grantor and grantee of an option had merged with the option agreement. While this case may control the issue between Shivers and Walker, it does not control the issue between Webster and Walker. In the present case, the question is, as between two parties with a contract, who is entitled to specific performance. Moreover, the cases cited by Shivers for the proposition that Webster's oral agreement with Walker merged into the written contract are likewise inapplicable. While this proposition would apply as between Shivers and Walker, once again, Webster was not a party to this written contract.

Based on the foregoing and the liberal rule of admissibility in this state, we find no error in the trial court's admission of the complained of evidence.

2. As in Division 1, Shivers violated Court of Appeals Rule 27 (c) (1) by combining enumerations of error 11, 12 and 13 into a single argument. Furthermore, enumerations of error 12 and 13, which alleged error in the number of jury strikes given to Webster and Walker and error in allowing Webster to present his case first, are not supported in Shivers' brief by citation of authority or argument. Accordingly, these two enumerations are deemed abandoned. Court of Appeals Rule 27 (c) (2).

In his eleventh enumeration of error, Shivers contends the trial court erred in not realigning the parties for trial according to their respective interests. The trial court has broad discretion in determining how it will conduct a trial. See *Hanie v. Barnett*, 213 Ga. App. 158, 160 (1) (444 SE2d 336) (1994); *Ellis v. Cameron & Barkley Co.*, 171 Ga. App. 211 (1) (319 SE2d 38) (1984). This includes wide discretion in assigning positions of the parties, especially where there are more than two sides and more than two parties. See *Goforth v. Wigley*, 178 Ga. App. 558, 561 (3) (343 SE2d 788) (1986). "The trial court's exercise of that discretion will not be controlled unless it is abused. [Cit.]" *Cohen v. William Goldberg & Co.*, 202 Ga. App. 172, 184 (7) (413 SE2d 759) (1991), vacated in part on other grounds, 207 Ga. App. 174 (428 SE2d 117) (1993).

In the present case, Shivers fails not only to recognize that he and Webster were two different plaintiffs with different theories of recovery, but also to demonstrate how the trial court's refusal to

realign the parties constituted an abuse of discretion. " 'Both error and harm must be shown affirmatively by the record before appellate relief is mandated.' [Cit.]" *Automated Drawing Systems v. Integrated Network Svcs.*, 214 Ga. App. 122, 124 (3) (447 SE2d 109) (1994). Accordingly, we will not reverse the trial court's exercise of its discretion in this instance.

3. As in Divisions 1 and 2, Shivers violated Court of Appeals Rule 27 (c) (1) by combining enumerations of error 14, 15 and 16 into a single argument. However, since we can easily discern the separate arguments, we will address the enumerations.

In his fourteenth enumeration of error, Shivers asserts the trial court erred in allowing Webster to testify about conversations he had with Walker concerning the purchase of the 1,200 acres. Shivers argues that this testimony was irrelevant and constituted hearsay. However, the same testimony regarding Webster's conversation with Walker was presented to the jury without objection when Walker's deposition was read into evidence. Where evidence of comparable import is adduced in the trial without objection, the allowance of objectionable testimony is not reversible error. *Goodyear Tire &c. Co. v. Johnson,* 120 Ga. App. 395, 397 (2) (170 SE2d 869) (1969). Accordingly, we find no merit in this enumeration.

In his fifteenth enumeration, Shivers contends the trial court erred in allowing Webster's witness Bill Craven to give his personal opinion about why Walker would sign an option with a third party that did not disclose the right of first refusal. According to Shivers, this testimony was speculative. However, following Shivers' objection, counsel rephrased the question, which was asked and answered without objection. Thus, even if the court erred in allowing Craven's initial answer, this error was rendered harmless by the introduction of comparable evidence admitted without objection. *Goodyear Tire &c. Co.,* supra.

In his sixteenth enumeration of error, Shivers maintains the trial court erred in allowing witness Bill Craven to testify about Walker's character. Shivers argues Walker's character and his conduct in other transactions were irrelevant. However, the conduct of a party in other transactions is admissible if "the nature of the action involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. An investigation into Walker's character was proper in this case, which involved an oral promise. This is especially true in light of Doc Harden's previous testimony that Walker, in his opinion, was not truthful about the existence of Webster's right of first refusal. Moreover, as with the previous two enumerations, evidence of Walker's reputation was admitted without objection during the trial. Thus, this enumeration lacks merit. *Goodyear Tire &c. Co.,* supra.

4. In his seventeenth enumeration of error, Shivers contends the trial court erred in not submitting his requested special verdict form to the jury. Shivers argues that under OCGA § 9-11-49, the trial court should have used the special verdict form submitted by him. However, OCGA § 9-11-49 provides that the trial court "may" submit the case on a special verdict form. "In the absence of an abuse of discretion, this court would not reverse a trial judge in submitting a case for a general, rather than a special, verdict, and we find no abuse of discretion in the present case." *Pressley v. Jennings*, 227 Ga. 366, 376 (20) (180 SE2d 896) (1971).

*Judgment affirmed. Johnson, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED JANUARY 16, 1997 — 

*Burnside, Wall, Daniel, Ellison & Revell, Thomas R. Burnside, Jr., Harry D. Revell*, for appellant.

*Dye, Tucker, Everitt, Wheale & Long, A. Rowland Dye, Glover & Blount, Percy J. Blount*, for appellees.